**William David WEST, Appellant,**

v.

**Judith Carol WEST (Sweinefuss), Appellee.**

Court of Appeals of Kentucky.

March 2, 1984.

Robert E. Blau, Jolly & Blau, Newport, for appellant.

Robert Carran, Covington, for appellee.

Before COOPER, DUNN and MILLER, JJ.

COOPER, Judge.

This is an appeal from an order of the trial court denying appellant's motion for a change in custody. KRS 403.350. On appeal, the issue is whether the trial court clearly abused its discretion in ruling that the appellant failed to establish adequate cause to warrant a hearing with respect to the motion. Reviewing the record below, we affirm.

In June of 1980, a decree of dissolution of marriage was entered dissolving the marriage between the appellant, William David West, and the appellee, Judith Carol West

(Sweinefuss). Custody of the parties' minor child, Andrew, was awarded to the appellee.

In October of 1982, the appellant, after moving to Arizona, filed a motion for change of custody. Attached to the motion were affidavits stating that the present environment of the child seriously endangered his physical, mental, and emotional health. Furthermore, the affidavits stated that a change in custody would be in the best interest of the child. Notwithstanding such allegations, the trial court denied, without a hearing, the motion for a change in custody. A motion to reconsider was also denied. It is from such order that the appellant now appeals.

On appeal, the appellant argues that the trial court clearly abused its discretion in refusing his motion for a hearing, given the fact that he had established the requisite "adequate cause" mandated by the statute. We disagree.

KRS 403.350 requires a party seeking a change in custody to submit an affidavit with his motion setting forth *facts* supporting the requested change. Such facts must establish adequate cause for a hearing. Lacking such facts, the court is required to deny the motion without a hearing. Adequate cause, in this context, requires more than prima facie allegations which might permit inferences sufficient to establish grounds for a change in custody. *Roorder v. Roorder,* 611 P.2d 794, 796 (Wash.App.1980). Given the trial court's reluctance to change custody, the movant must present facts in his affidavit that compel the court's attention. He cannot simply assert the statutory requirements for modification of the court's custody decree.

The purpose of KRS 403.340 and 403.350 is to maximize the finality of a custody decree without, of course, jeopardizing the health and welfare of the child. *Wilcher v. Wilcher,* Ky.App., 566 S.W.2d 173 (1978); *S. v. S.,* Ky.App., 608 S.W.2d 64 (1980); Commissioner's Notes to § 409 and § 410 of the *Uniform Marriage and Divorce Act* upon which KRS 403.340 and 403.350 are based. Moreover, KRS 403.340 creates a "presumption that the present custodian is entitled to

continue as the child's custodian." *Wilcher* at p. 175.

 Here, the trial court found that the facts alleged in the affidavits were insufficient to show adequate cause, and the record supports such a finding. While the affidavits may have created an inference for change, they did not compel a finding of adequate cause sufficient to warrant a hearing. Lacking this finding, this Court will not find an abuse of discretion. *Cf. Cox v. Bramblet,* Ky., 492 S.W.2d 188 (1973).

The judgment is affirmed.

All concur.