**Deborah COPAS, Appellant,**

v.

**Carl Rodney COPAS, Appellee.**

Court of Appeals of Kentucky.

Nov. 15, 1985.

Kevin C. Brooks, Bowling Green, for appellant.

Jeffrey R. O'Grody, Bowling Green, for appellee.

Before CLAYTON, DUNN and McDONALD, JJ.

McDONALD, Judge:

A decree dissolving the marriage between the parties herein was entered on August 11, 1983. Deborah Copas was awarded the custody of their two daughters, Corinne, born January 27, 1978, and Jessica, born July 11, 1980. On March 28, 1984, Carl Copas filed a motion, supported by an affidavit, to modify his visitation rights. On April 9, 1984, Deborah filed a motion to increase child support. In response, on May 24, 1984, Carl Copas filed a verified motion to change custody. No affidavits were filed in support of this motion as required by KRS 403.340(1).

The basis for the requested change of custody as alleged in Carl Copas's verified motion was:

1. That the Petitioner [Deborah Copas] has announced her intentions to permanently move from the Commonwealth of Kentucky to the State of Florida. This move is to be accomplished on July 1, 1984 and will involve a move to the mid-Florida area.

.    .    .    .    .

3. The Petitioner is not moving to the State of Florida for a legitimate purpose but rather solely to reduce and limit the recent increase in visitation afforded to this Respondent by recent Court Order of April, 1984.

All the motions were ordered to be heard by the circuit court's commissioner. The domestic relations commissioner filed his report wherein he recommended:

1. that the motion to change custody be overruled on the basis that no evidence of significant changes had occurred since the entry of the decree; and there was no evidence to support the allegation that Deborah was moving to Florida solely to reduce Carl's visitations with the minor children; and

2. that the motion to modify the visitation schedule be sustained. The commissioner outlined a new visitation schedule.

Exceptions to the commissioner's report were filed and then heard by the trial court. On June 29, 1984, a final order modifying the prior decree was entered which in essence awarded each parent joint custody of the minor children and possession on an alternating yearly basis, one school year in Kentucky, the next in Florida.

This order prompted Deborah Copas to appeal to this court alleging as follows: 1) that the trial court erred in entering its order changing custody by failing to apply the correct statutory standard found in KRS 403.340; and, 2) that the facts of this case, when applied to the proper statutory standard, do not warrant a change of custody.

Without question such proceedings are governed by KRS 403.340, the modification statute for custody decrees. However, we do not agree with the issues for our review as framed by the parties. Basically, counsel for both parties agree what standards are to be applied to a modification of custody under KRS 403.340; however, we do not reach the issue of whether the trial court properly utilized those standards as we view the modification of the custody decree to be flawed from the very outset. KRS 403.340(1) expressly and plainly commands:

No motion to modify a custody decree may be made earlier than 2 years after its date, unless the court permits it to be made *on the basis of affidavits* that there is a reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health. [Emphasis ours.]

The motion presented to the trial court to "show cause" why a modification of custody was necessary was not properly supported by affidavits. That is so, even if the verified motion is construed to somehow comply as an affidavit, because the statute clearly requires more than one affidavit.

The legislature wants stability to come into the lives of those affected by a custody decree, and it has provided for a two-year period of postdecree adjustment for the children. There is a safety valve built into the statute for situations of present environmental endangerment to the child. The endangerment, which must be of a serious nature, must be presented to the trial court by motion "made on the basis of affidavits."

If the statute required only one affidavit the trial courts would be continually harassed by the loser in the prior custody battle with a demand for modification. The wisdom of the legislature was to provide for stability and continuity in the child's life for at least a two-year period, while on the other hand not forgetting the child's interest if a matter of urgency arises which endangers, or threatens to endanger, the child. As the modification of the custody decree here was done in disregard of the procedural mandates of KRS 403.340(1), the trial court was without authority to consider a modification of custody.

Be it remembered that for emergency needs of a child the district court is empowered to provide protection by granting temporary custody under KRS 403.750(1)(d), or KRS 208.080(2). We are also advised in our conclusion by *Robbins v. King*, Ky., 519 S.W.2d 839 (1975), and *Chandler v. Chandler*, Ky., 535 S.W.2d 71 (1975). Further, because our legislature adopted the provisions of the Uniform Marriage and Divorce Act, § 409, by incorporating it in KRS 403.340(1) verbatim, the commissioners' note to that section is helpful.

We vacate the order for the reasons so stated knowing that by the time this case returns to the trial court KRS 403.340(1) will not be applicable because the two-year prohibited period will have expired. The trial court is respectfully directed to vacate its present decree and reinstate its original decree until such time that the modification statute is complied with.

All concur.