**Michael BENASSI and James P. Benassi, Appellants,**

v.

**Cindy Arnold HAVENS (Formerly Benassi), Appellee.**

Court of Appeals of Kentucky.

March 28, 1986.

James P. Benassi, Frankfort, for appellants.

James P. Benassi, Frankfort, pro se.

David Murrell, Louisville, for appellee.

Before GUDGEL, MILLER and WILHOIT, JJ.

MILLER, Judge.

The parties were divorced by decree of the Franklin Circuit Court on May 17, 1984. During the proceedings, appellant, Michael Benassi, sought custody of two infant children born of the marriage. Appellee, Cindy Arnold Benassi Havens, requested joint custody of the children. The court made the following custody award as part of the dissolution decree:

6. The Petitioner (Cindy Arnold Benassi) shall have the children during the days while the Respondent (Michael Benassi) is at work and shall have the children on Friday evenings. The Respondent shall have the children from Noon Saturday until time for church on Sunday at which time the Petitioner will pick up the children for church and Sunday School and return them to the Respondent immediately thereafter.

7. The Respondent shall have the option on every other Sunday to take the children to the same place of worship for Sunday School and church services.

Although divided custody is not favored, no appeal was taken from the foregoing order.

*See McLemore v. McLemore,* Ky., 346 S.W.2d 722 (1961). On July 8, 1985, within the two-year repose period provided in KRS 403.340(1), Michael applied for modification of the joint custody arrangement, requesting custody be awarded to him. His motion was not supported by *two* affidavits required of motions made within the two-year period. *See Copas v. Copas,* Ky.App., 699 S.W.2d 758 (1985). The motion was, however, supported by the affidavit of Michael Benassi stating, in effect, that Cindy is presently married to one Billy Ray Havens, a thrice-convicted felon and alcoholic who was given to mistreatment of the minor children. The affidavit further stated Cindy was neglecting the infants, including permitting them to go unattended upon a busy major thoroughfare. On August 27, 1985, Michael produced the deposition of Dr. Robert A. Blair, a pediatrician who had treated Cindy in years past. He testified Cindy was subject to a mental condition causing wide mood changes which, if not treated, would render her nonfunctional. It appears that at least three hearings were had upon Michael's motion. Cindy filed a counter-motion to strike Dr. Blair's deposition a motion to quash a subpoena requiring her to attend a hearing, and a motion for attorney fees. Apparently, Michael's motion was never directly attacked as not being supported by the affidavits required of motions made within the two-year period of repose. *See Copas, supra,* and KRS 403.340(1). The record indicates the hearings concerned sundry matters of visitation, treatment of children, professional evaluation and the like. It is not clear as to whether there was ever a hearing concerning the propriety of Michael's motion within the two-year period of repose or whether the criteria for a change of custody within the two-year period were met. In the informational hearing (CR 76.16), Michael's counsel maintained no such hearings were had. In any event, on September 27, 1985, the court entered the following order:

This matter is before the Court on the petition of Michael Benassi for a change of custody as fixed by this Court on April 17, 1984. The Court having reviewed the affidavit filed herein and having considered other affidavits and depositions, motions and other pleadings filed herein and having had three hearings and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the petition for change of custody be, and it hereby is, *DENIED.* The petitioning respondent Michael Benassi has not met the burden to show that the children's present environment might present a serious endangerment to their physical, mental, moral or emotional health pursuant to KRS 403.340. Consequently, the Court will not modify its earlier decree. For that reason all pending motions made pursuant to this petition to modify custody are *DENIED.*

The motion of the responding petitioner, Cindy Benassi (now Havens) for attorney's fees is also *DENIED.*

On October 15, 1985, the following order was entered:

This matter came before the Court for hearing on all motions and petitions pending, and the Court having heard oral argument and being otherwise sufficiently advised,

IT IS HEREBY ORDERED as follows:

(1) The order of the Court on September 27, 1985, is readopted and reaffirmed herein.

(2) The order of September 27, 1985, is supplemented as follows:

(a) the previous court ordered visitation of the children is amended so that each party shall have both children on alternate weekends. On the weekend that the petitioner (Cindy Arnold Benassi) has the children, the petitioner shall keep them on Friday evenings until Sunday at 5:00 p.m.

(b) the petitioner's husband, Billy Ray Havens, shall not spank or strike either of the children for any reason.

The record indicates much travail over modifying a "joint custody" order. Understandably, the court was enmeshed in the problem of modifying custody consistent

with the requirements set forth in the two-year rule. KRS 403.340. It is our view that when joint custody is awarded under KRS 403.270(3) and the parties subsequently disagree, neither KRS 403.340 nor KRS 403.350 applies. Those sections are applicable to modification of a sole custody award. In the case at hand, modification should be made anew under KRS 403.270 as if there had been no prior custody determination. As a practical matter, joint custody is no award at all when considering modification of the arrangement.

For the foregoing reasons, the order of the Franklin Circuit Court is vacated and this cause is remanded for proceedings consistent with this opinion.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.