**Patricia Sue HARDIN (Now Ralph), Appellant,**

v.

**Johnnie Allen HARDIN, Appellee.**

Court of Appeals of Kentucky.

June 13, 1986.

John W. Stevenson, Thomas O. Castlen, Owensboro, for appellant.

Richard T. Ford, Owensboro, for appellee.

Before HOWARD, LESTER and REYNOLDS, JJ.

LESTER, Judge.

This is an appeal from findings and conclusions of law in a dissolution of marriage action. Several errors are alleged by the appellant, the first of which is that the trial court abused its discretion in awarding joint custody of two minor daughters.

■ The parties were married in 1965, and the appellant, hereinafter referred to as Sue, filed for dissolution in August of 1983. The two children born of the marriage are now 12 and 10 years of age, respectively. During the pendency of the action, both parties have filed numerous pleadings and various motions relating to issues of custody, support, property division and visitation. Several depositions were taken and a great deal of testimony was heard, most of which relates to the custody of these two children, it being obvious that both parties desired sole custody. The trial court specifically found that both parents were fit and suitable custodians, and determined that it was in the best interests of the children that the parties be awarded joint custody. While there is no dispute as to the finding that either parent is fit, the mother appeals from the court's ruling that joint custody would be in the best interests of the children. In light of the particular circumstances of this case, we agree that the trial court's division was not in the children's best interest. KRS 403.270(3).

During the course of the proceedings below, appellant remarried and moved to Hobart, Indiana, approximately 300 miles from Ohio County where the appellee resides and where the children were raised. The fact that Sue's new husband is also her first cousin has been argued as evidence of her unsuitability by the appellee. This, in addition to disputes over numerous issues below and in this Court, indicates that there is a great deal of discord and lack of cooperation between these parents.

There is very little law in this Commonwealth relating to joint custody, undoubtedly because of the rather recent enactment of legislation giving the court authority to grant such an arrangement. KRS 403.-270(3). However, the benefits to be gained by both the children and the parents can be great. H. Robinson, *Joint Custody: An Idea Whose Time has Come*, 21 J.Fam.L. 641 (1983). Unfortunately, the particular circumstances of some cases make joint custody infeasible. 17 ALR 4th 1013, *Annot.* (1982). This is such a case.

In dividing custody, the trial judge provided for the children to spend one-half of

the school year with their mother in Indiana, and one-half of the year with their father in Kentucky, essentially splitting the summer vacation in the same manner. While the parties agree as to a desire that the children attend private rather than public schools, it seems they can agree to little else.

Normally, where one parent is given custody, he or she has the right to determine matters such as the child's education, health care, and religious training. In a joint custody arrangement, both parents share the decision-making in major areas concerning their children's upbringing. *Burchell v. Burchell*, Ky.App., 684 S.W.2d 296 (1984). In the case at bar, it appears highly unlikely that these parents would be able to agree and cooperate with each other on such matters. Indeed, there is already an apparent dispute over the need for orthodontic treatment for one of the children and who should pay the costs.

It would seem obvious that joint custody cannot be in the best interests of the children where the parents are not sufficiently understanding and mature enough to cooperate in such an arrangement. Petrilli's *Kentucky Family Law* § 26.86 (Supp. 1985); Revell & Slyn, *Kentucky Divorce* § 9.6 (1984). Moreover, we believe the logistical problems, mandating a change in the children's school and residence every six months, would be extremely disruptive and detrimental to these children.

Consequently, we are reversing and remanding this cause for the trial judge to determine who should be granted custody. We cannot agree with appellant that the evidence requires granting exclusive custody to her, but instead, we agree with the court below that either parent would likely be a fit custodian. Thus, in the absence of some agreement by these parents as to what would be best for their children, the trial court is directed to make a determination as to who is best suited based upon the factors set forth in KRS 403.270. If necessary, the court should order an investigation and report from professional personnel, pursuant to KRS 403.290 and KRS 403.300.

Appellant also contends that the court erred in failing to give her an opportunity to purchase the marital residence or in the alternative in failing to award interest on her share of the equity. We have examined the record and conclude there was sufficient evidence to support the court's award of the residence to Johnnie subject to Sue's equity. There was testimony which indicated that appellant did not want the marital home and would be living indefinitely in Indiana with her new husband.

In regard to the payment of interest, we note that the trial court found that requiring interest on the payments would reduce appellee's ability to pay adequate child support or to provide support if he is awarded custody. After examining the cases, it appears interest should generally be allowed on deferred payments of a fixed amount. *Johnson v. Johnson*, Ky.App., 564 S.W.2d 221 (1978); *Clark v. Clark*, Ky., 487 S.W.2d 272 (1972). However, if factors are present which would make an interest award inequitable, it may be disallowed. *Young v. Young*, Ky., 479 S.W.2d 20 (1972); *Courtenay v. Wilhoit*, Ky.App., 655 S.W.2d 41 (1983).

We conclude that to allow Johnnie nearly twelve years to pay Sue the $26,500 found to be her equity, without any award of interest on the debt is inequitable. We cannot agree that ordering interest on the amount owed would severely reduce appellee's ability to provide support for his children. Appellee has apparently exercised his option to keep the residence and there is no existing mortgage or lien on the property. To disallow interest payments for such an extended period of time on a fixed and certain sum is the equivalent of requiring appellant to make a $26,500 interest free loan to her former husband. Considering the financial resources of the respective parties, we believe this constitutes an abuse of discretion.

We have considered the remaining contentions raised by appellant and find no merit in those claims of error. Indeed, we agree with appellee that the trial court's

judgment reflects thorough knowledge of the facts, genuine concern for the children, and an attempt to determine all issues fairly and equitably. Unfortunately, the parties themselves have made portions of this order unworkable.

Accordingly, we reverse that part of the judgment which divided custody of the children into six month intervals with directions that it consider additional evidence as to the best interests of the children. We also remand the case for an award of interest upon the payment of appellant's equity in the marital residence. In all other respects, the judgment is affirmed.

All concur.