David Lawrence BETZER, Appellant,

v.

Deborah Lynn BETZER, Appellee.

No. 87–CA–1374–S.

Court of Appeals of Kentucky.

Feb. 26, 1988.

Discretionary Review Denied by
Supreme Court June 1, 1988.

Ronald C. Bakus, Louisville, for appellant.

Dan E. Siebert, Louisville, for appellee.

Before DYCHE, HOWARD and
WEST, JJ.

HOWARD, Judge.

The appellant brings this appeal from a judgment of the Jefferson Circuit Court denying a motion for modification of custody without a hearing.

On April 11, 1984, the marriage of the two parties, appellant David Lawrence Betzer and the appellee Deborah Lynn Betzer, was dissolved. The appellee was granted custody of the parties' two minor children, then ages 5 and 1. The children, two boys, are now 7 and 4.

The appellant filed a motion to modify the April 11, 1984 custody decree with an accompanying affidavit on October 17, 1986. The appellant claimed *inter alia* that the children were spending little time with the appellee, rather they were generally either at day care or with their grandparents who allegedly had drinking problems. Further, the appellant alleged that the children participated in very few activities while with their mother and that she had struck the younger child.

The appellant stated that he felt the children's present environment seriously endangered the physical, emotional, mental and moral health of the children.

The court below issued a judgment on May 20, 1986, denying the appellant's motion without holding a hearing. The appellant appeals that judgment.

The appellant contends the trial court erred by refusing to hold a hearing.

The relevant statute, KRS 403.350, provides:

A party seeking a temporary custody order or modification of a custody decree shall submit together with his moving papers an affidavit setting forth facts supporting the requested order or modification and shall give notice together with a copy of his affidavit, to the other parties to the proceeding, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted.

In *West v. West*, Ky.App., 664 S.W.2d 948, 949 (1984), this Court stated that:

Adequate cause, in this context, requires more than prima facie allegations which might permit inferences sufficient to establish grounds for a change in custody. *Roorder v. Roorder*, 25 Wash.App. 794, 611 P.2d 794, 796 (Wash.App.1980). Given the trial court's reluctance to change custody, the movant must present facts in his affidavit that compel the court's attention.

In addition, it is clear from KRS 403.350 that a trial court may look at the counter affidavits in determining whether a hearing is compelled by the facts set forth by the movant.

■ It is equally clear from KRS 403.-350 that if the trial court determines that adequate cause for a hearing is not established by the affidavits, the motion for modification of custody shall be denied. *See West, supra.* The implication then is that only these affidavits may be considered in determining adequate cause. The findings of the trial court in the case at bar indicates that deposition testimony was also considered along with the affidavits. While error was committed, we do not think the error was prejudicial in this case.

The appellant's first allegation raised in his affidavit is that the two boys spend most of the time either at day care or with their maternal grandparents and spend very little time with the appellee. The appellee stated that during the week the children are in day care and with her during the evenings. On weekends, when the children are not visiting the appellant, they frequently stay one night with their maternal grandparents who live one mile from the appellee.

To obtain a modification of custody in cases such as this after two years have passed from the entry of the decree, the court must find that modification is necessary to the best interest of the child and the child's present environment seriously endangers his physical, mental, moral or emotional health. KRS 403.340(2)(c). Further, KRS 403.340(2)(c) requires that harm which is likely to be caused by modification is outweighed by its advantages. In order to compel the court's attention for a hearing on modification, it follows that a movant must state facts which establish a situation as described in KRS 403.340(2)(c).

The court below found that the amount of time the children spent with their mother did not seriously endanger their physical, mental, moral or emotional health. Although it is clear that the trial court had considered the deposition testimony, that testimony did not materially add to the statements in the affidavits regarding this matter.

■ The appellant also stated in his affidavit that the maternal grandparents have a drinking problem. The appellee simply denied in her affidavit that her parents have such a problem. Again the trial court relied on deposition testimony in disposing of this issue. However, the appellant's affidavit offers no grounds for making this accusation. As pointed out in *West, supra* mere allegations are not sufficient to establish adequate cause. There was no adequate cause for a hearing on this ground.

The appellant further claimed in his affidavit that the children participate in very few activities while with their mother. The appellee counters that the children do participate in various activities. Again the appellant is not specific and does not set forth what activities the children are being deprived of or how their health is being

adversely affected. We see nothing that would compel the court's attention on this issue.

The appellant also stated that the youngest child had told him that his mother, the appellee, had struck him causing a black eye. In her counter affidavit, the appellee denied striking the child and asserted that a police investigation of the child's allegation produced no factual evidence to support it. Consequently, adequate cause for a hearing was not established concerning this issue.

The remainder of the allegations made in the appellant's affidavit are either irrelevant to the issue of modification of custody or pertain to the adequacy of his present home as a proper environment.

The affidavits failed to indicate that the children's physical, mental, emotional or moral health was endangered by their living conditions with the appellee. Therefore, no facts were established which would show that adequate cause for a hearing existed. Accordingly, the trial court did not err in refusing to hold a hearing. Any error the trial court committed in considering the evidence in the depositions must be deemed harmless. CR 61.01.

The judgment is affirmed.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, are reinstated effective the date of this opinion.

All concur.