**Donna M. ERDMAN, Appellant,**

v.

**Charles E. CLEMENTS, Appellee.**

**No. 88-CA-1839-S.**

Court of Appeals of Kentucky.

Nov. 17, 1989.

Phillip G. Deeb, Louisville, for appellant.

Bonnie M. Brown, Louisville, for appellee.

Before HOWERTON, C.J., and EMBERTON and HOWARD, JJ.

EMBERTON, Judge:

This is an appeal from an order of the trial court denying a motion for a change in custody. On appeal, the single issue is whether the trial court erred, as a matter of law, in failing to grant a hearing. Reviewing the record below and applicable law, we reverse the trial court's ruling and remand for an evidentiary hearing.

On August 26, 1983, the parties executed a property settlement and custody agreement providing, *inter alia*, for the joint custody of their two infant children, a son 4 years old and a daughter 16 months old. The agreement further stated that the primary residence of the children was to be with the father, Charles, and that he would make the final decision in matters on which the parties were unable to agree. Holidays, weekends and weekdays were specifically divided in such way that each party had actual possession of the children one-half the time. The parties were to confer with each other with respect to all material matters regarding the children. This custody schedule was to continue until the oldest child reached school age, at which time the parties were to discuss necessary modifications brought about by the new schedules. The Jefferson Circuit Court entered its decree of dissolution on September 23, 1983, incorporating into the decree the Property Settlement Agreement, thereby ordering joint custody of the children.

Since the entry of the decree the parties have been unable to agree on the details of custody, visitation, or seemingly, any other matters concerning the children. At the present time Donna has physical custody of the children every other weekend and one week day per week. She also has physical custody during the summer vacation for a period of five weeks. The parties alternate holidays. Each has filed numerous pleadings and various motions relating to issues of custody, support, property division, and visitation. Thus, it appears obvious that the parties are unable to cooperate, which is the essence of a joint custody arrangement. Bratt, *Joint Custody* 67 Ky.L.J. 271, 303 (1978–1979).

In *Hardin v. Hardin*, Ky.App., 711 S.W.2d 863 (1986), both parties were found to be suitable custodians and accordingly were awarded joint custody. It later became apparent that the parties could agree on little other than that the children should attend private school. The court held joint custody was not in the best interest of the children where the parties were not mature and understanding enough to cooperate in the arrangement. *Id.* at 865. The court went on to state that where both parents were found to be fit custodians but were unable to cooperate in a joint custody situation, the trial court should be directed to make a determination as to which was best suited to be sole custodian based upon the factors enumerated in KRS 403.270.

■ In *Benassi v. Havens*, Ky.App., 710 S.W.2d 867 (1986), we held that where joint custody had been granted pursuant to KRS 403.270(3) and the parties subsequently disagreed, neither KRS 403.340 nor KRS 403.-350 applied. KRS 403.340 and KRS 403.-350 are applicable only to a modification of a sole custody award. *Id.* at 869. Thus, where there has been an award of joint custody under KRS 403.270, a hearing *de novo* should be held to determine custody as if no prior custody determination had been made. KRS 403.270 provides that custody should be determined in accordance with the best interest of the child and that equal consideration should be given each parent.

In the case before us, the trial court erroneously based its decision on *Betzer v. Betzer*, Ky.App., 749 S.W.2d 694 (1988), in denying appellant's motion for hearing on modification of custody. *Betzer* correctly sets forth the standard to be applied to a hearing for modification of sole custody. In *Betzer*, we held that a trial court could grant a hearing to consider modification of custody only when it finds adequate cause for a hearing based on the filing of two affidavits by the party seeking modification. To meet the adequate cause test, the moving party must present facts, and not mere allegations, in his affidavits in order to compel the court's attention. The trial court in the case at bar found that the affidavits filed by Donna did not give rise to any factual conclusion that the children's present environment seriously endangered their physical, mental, or emotional health. We agree with the trial court's assessment that the affidavits did not satisfy the standard required by KRS 403.340 and KRS 403.350 for a custody hearing. However, KRS 403.340 and KRS 403.350 are not applicable where a modification of joint custody is being sought.

Charles contends that the custody arrangement set out in the agreement is not a joint custody arrangement. He advances two arguments in support of his position.

First, he argues that even though the custody arrangement is labeled "joint custody" it is in fact a sole custody arrangement with Donna having the right of visitation. Charles bases this argument on the fact that he was designated as providing the primary residence and further, on the fact that he possessed the tie-breaking vote when he and Donna were unable to agree. We do not agree that the parties were not awarded joint custody.

■ Although designating the arrangement as joint custody does not necessarily make it so, we believe the parties intended a joint custody arrangement at the time of their agreement. We cannot ignore the fact that the parties themselves designated the arrangement as "joint custody." In addition, the parties agreed to share medical expenses for the children; Charles agreed to pay child support to Donna for a period of time; the specific division of time between the parties is practically equal, albeit Donna's is called "visitation" and Charles' is said to be "primary residence"; the parties were to share equally the transportation cost for the children; and, the parties were to confer with each other with respect to all material matters regarding the children. Even so, it is the view of this court that an arrangement of "joint custody" does not necessarily require absolute equal division of all matters.[1] We find that the agreement of August 26, 1983, and the court's decree of September 23, 1983, did indeed create a joint custody arrangement.

■ Charles' second argument is that the parties have modified the joint custody arrangement by their conduct. The appellee cites *Carnes v. Carnes*, Ky., 704 S.W.2d 207 (1986), as supporting authority. However, we find the facts in *Carnes* are distinguishable from the facts in the case before us. In *Carnes*, the mother was designated as the provider of the primary residence and the father was awarded visitation pur-

---

1. Joint custody does not require alternating residences. Bratt, *Joint Custody*, 67 Ky.L.J. 284 (1978–79). One party may have physical custody of the children for a greater period of time than the other party in a joint custody arrangement. *Burchell v. Burchell*, Ky.App., 684 S.W.2d 296 (1984).

suant to a joint custody arrangement. Before the entry of the decree, the mother requested that the children temporarily live with the father. After approximately six months, the mother wanted to resume custody pursuant to the joint custody decree. However, the court found that the children had become integrated with the father's family during the six-month period. Consequently, the voluntary and consensual transfer of custody for a six-month period established the consent required by KRS 403.340(2)(b). *Id.* at 209.

Here, Donna did not request that Charles permit the children to live with him for any term except as provided by the decree, nor did she relinquish custody of the children. To the contrary, she sought to gain more custody. It is suggested that the ruling in *Carnes* was partially based on the court's determination that the mother's motive for relinquishment of custody was a selfish one, unrelated to exigent circumstances. L. Graham & J. Keller, *Kentucky Domestic Relations Law*, § 21.04 (1988).

Given these facts we find that the trial court incorrectly denied Donna's request for a hearing for modification of the custody decree. As held in *Benassi, supra,* a modification of a joint custody award should be made anew under KRS 403.270 as if there had been no prior custody determination.

This case is reversed and remanded with instructions to the trial court to grant an evidentiary hearing for the purpose of determining custody pursuant to KRS 403.270.

The order of the trial court is reversed.

All concur.