James Barry STINNETT, Appellant,

v.

Shari Lynn STINNETT (Now Watkins), Appellee.

Nos. 94–CA–2193–MR and 94–CA–2247–MR.

Court of Appeals of Kentucky.

Feb. 9, 1996.

John A. McCrea, Louisville, for appellant.

R. Gary Lowen, Louisville, for appellee.

Before COMBS, GUDGEL and JOHNSON, JJ.

GUDGEL, Judge:

These consolidated appeals stem from an order entered by the Jefferson Circuit Court in a postdissolution proceeding concerning the amendment of an award of joint custody. Based on our recent holding in *Mennemeyer v. Mennemeyer*, Ky.App., 887 S.W.2d 555 (1994), we reverse and remand for further proceedings.

The parties divorced in May 1989. It is undisputed that pursuant to the terms of an agreement incorporated into the decree of dissolution, the parties agreed to share joint custody of their two children, who remained in Kentucky with appellant father when appellee mother moved to Mississippi in March 1989.

In January 1994 appellee filed a motion asking the Jefferson Circuit Court to grant her the children's "care, custody and control and/or primary possession." The court held a pretrial conference and ordered that a psychological custody evaluation be conducted. Eventually the court entered an interlocutory order, and then a final order, continuing joint custody but ordering that the children's primary physical possession be switched from appellant to appellee. The appeals which were taken from both orders were subsequently ordered consolidated by this court.

■ Appellant contends that the trial court both erred by failing to comply with the requirements of KRS 403.270(1), and abused its discretion by transferring the children's primary physical possession to appellee. However, for the reasons stated hereafter, we need not reach these issues.

This case is on all fours with this court's recent decision in *Mennemeyer, supra*. In *Mennemeyer*, the parties were awarded joint custody with the appellant mother being designated to have primary physical possession of the child. Eventually, the appellee father sought an award of sole custody because

appellant was relocating to Florida for employment purposes. The trial court denied appellee's request for sole custody but nevertheless ordered the child's primary physical possession switched to him. On appeal this court held that in the circumstances presented, the trial court erred by intervening to amend the joint custody award to change primary physical possession, over the non-movant's objection, without first finding that there had been "an inability or bad faith refusal of one or both parties to cooperate." *Id.* at 558. Only after making such a finding may a court order a modification of a joint custody decree, "in light of the best interest of the children and based upon the factors which are enumerated in KRS 403.270." *Id.* at 558.

Here, as in *Mennemeyer*, the parties shared joint custody and one party was designated to have physical custody. The children lived with appellant for a number of years pursuant to the decree, and then appellee sought sole custody so that the children could live out-of-state with her. As in *Mennemeyer*, there was neither any allegation in the pleadings nor any finding by the court "that there has been an inability or bad faith refusal of one or both parties to cooperate." *Id.* at 558. That being so, we conclude as dictated by *Mennemeyer* that the trial court erred by conducting a de novo hearing on appellee's motion and switching primary physical possession of the children from appellant to appellee.

█ We also take this opportunity to note by way of clarification that *Mennemeyer*'s requirement of "an inability or bad faith re-

fusal of one or both parties to cooperate" must be read in conjunction with our supreme court's definition of "cooperation" as it applies to joint custody situations. In *Squires v. Squires*, Ky., 854 S.W.2d 765, 769 (1993), and as noted in *Mennemeyer, supra* at 557, the court defined such cooperation as being a "willingness to rationally participate in decisions affecting the upbringing of the child." Hence, a trial court potentially may intervene as to an existing joint custody award whenever, based on a case-by-case determination, the situation presented to the court evidences an inability or bad faith refusal by one or both parties to *rationally* participate in decisions concerning their child's upbringing. Although obviously many disagreements between joint custodians do not reach this level of noncooperation, certainly this threshold requirement may be met in a wide variety of situations ranging from those involving matters such as mere visitation disputes to those involving matters such as child neglect or abuse.

For the reasons stated, the court's judgment is reversed and remanded for entry of an order consistent with the views expressed in this opinion.

All concur.