John CROSSFIELD, Appellant,

v.

Keni Lynn CROSSFIELD (now Wendt), Appellee.

No. 2003–CA–001561–MR.

Court of Appeals of Kentucky.

Jan. 21, 2005.

John E. Reynolds, Nicholasville, KY, for appellant.

Mark T. Miller, Nicholasville, KY, for appellee.

Before BUCKINGHAM, DYCHE, and GUIDUGLI, Judges.

*OPINION*

BUCKINGHAM, Judge.

John David Crossfield appeals from an order of the Garrard Circuit Court substituting his ex-wife, Keni Lynn Crossfield (now Wendt), in his place as the primary residential custodian of the three minor children of their marriage. Keni argued to the court that the change amounted to only a change in visitation, while John argued that the change was one of custody and that the circuit court was without jurisdiction to consider Keni's motion since she had not complied with KRS[1] 403.340–.350. Because we agree with John, we reverse and remand.

John and Keni were married on November 19, 1993. They had three children during their marriage, a boy and two girls.

---

1. Kentucky Revised Statutes.

John and Keni separated in February 2002, and they filed a joint petition for dissolution of marriage in the Garrard Circuit Court in April 2002.

At the time the couple filed their petition, they also submitted an agreement as to property rights, maintenance, custody, and support of the children. Under this agreement John and Keni agreed to share joint custody of the children, with Keni designated as the primary residential custodian. The agreement included provisions setting out John's child support obligation.

The couple submitted an amended settlement agreement the following month. Under the amended agreement John was designated as the primary residential custodian and Keni agreed to pay child support. As with the first agreement, the couple shared joint custody. On June 11, 2002, the Garrard Circuit Court entered a decree of dissolution adopting the amended settlement agreement.

Less than nine months later, on March 8, 2003, Keni filed a Motion to Modify Time Sharing Schedule. Therein, she moved the court "to modify the time sharing schedule enjoyed [by] the parties hereto, within the confines of the existing joint custody decree." No affidavits were attached to the motion.

During the first hearing on the motion, Keni acknowledged that she wanted the court to modify the original decree so that she would become the children's primary residential custodian and John would assume the child support obligation. John immediately objected, arguing that her motion failed to comply with the requirements of KRS 403.340–.350.

The domestic relations commissioner (DRC) conducted a hearing over John's objection and determined that "the best interests of the children will be served by granting mom's motion and returning the children to her care." The DRC also recommended that the time-sharing arrangement in effect should be reversed and that John should be ordered to pay child support in accordance with the schedule. John filed exceptions to the DRC's report, but the trial judge rejected the exceptions and confirmed the report. This appeal by John followed.

KRS 403.320(3) provides that "[t]he court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child[.]" KRS 403.340(2) concerns the modification of a custody decree earlier than two years after its entry. That statute provides as follows:

(2) No motion to modify a custody decree shall be made earlier than two (2) years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe that:

(a) The child's present environment may endanger seriously his physical, mental, moral, or emotional health; or

(b) The custodian appointed under the prior decree has placed the child with a de facto custodian.

*Id.* KRS 403.350 requires an affidavit to be submitted together with a motion for modification of a custody decree. When KRS 403.340(2) and KRS 403.350 are read together, they "require that a motion to modify a prior custody decree must be accompanied by at least one affidavit; and if the motion is made earlier than two years after its date, it must be accompanied by at least two affidavits." *Petrey v. Cain,* 987 S.W.2d 786, 788 (Ky.1999), *citing Copas v. Copas,* 699 S.W.2d 758 (Ky.App. 1985). KRS 403.350 also provides that the court should deny the motion for modification unless it finds that adequate cause for

hearing is established by the affidavits. *Id.*

The specific issue to be addressed in this case is whether the change in the primary residential custodian from one parent to the other in the joint custody arrangement is subject to the statutes relating to modification of custody or subject only to the statute concerning visitation modification. Citing *Fenwick v. Fenwick,* 114 S.W.3d 767 (Ky.2003), John argues that such a change amounts to a change in custody subject to KRS 403.340–.350. On the other hand, Keni argues that the change amounts to only a visitation modification to which KRS 403.320(3) applies. Further, she argues that the *Fenwick* case is limited to its facts, which involved the relocation of the residence of the primary residential custodian.

Concerning this issue, the DRC stated as follows:

> The child spends the majority of time with the father, under a joint custodial arrangement, and the mother seeks to reverse the current arrangement. This court has previously ruled that a change of time without a change in form of custody, joint or sole, does not fall within the purviews of KRS 403.340.

As we will explain below, we conclude that the change in this case amounted to a modification of custody rather than a modification of visitation.

As the Kentucky Supreme Court noted in the *Fenwick* case, the term "primary residential custodian" is not defined in the Kentucky statutes. *Id.* at 779. The court noted, however, that the term is generally used by courts to refer to the party with whom the child or children will primarily reside. *Id.* In such joint custody situations, the other parent is awarded "visitation," "time-sharing," or "parenting time" with the child or children. *Id.* The court further noted that a designation of primary residential custodian normally confers on the party the primary role in minor day-to-day decisions concerning the child or children, the responsibility for providing a residence, and routine care and control. *Id.*

Until the Kentucky Supreme Court rendered its opinion in the *Fenwick* case, the issue of a modification of a joint custody arrangement had not been resolved by the Kentucky Supreme Court. In *Fenwick* the supreme court agreed with this court's holding in *Scheer v. Zeigler,* 21 S.W.3d 807 (Ky.App.2000), that "joint custody is itself a custody award and thus any modification must come within the purview of KRS 403.340 and .350." *Fenwick,* 114 S.W.3d at 783. Furthermore, the court in *Fenwick* noted that KRS 403.340 now specifically encompasses joint custody modifications. *Id.* at 784; *see* KRS 403.340(1).

While John argues that the change in the primary residential custodian from him to Keni amounted to a change of custody, Keni argues that the change merely amounts to a modification of visitation. As we have noted, if the modification is one of custody, then the provisions of KRS 403.340–.350 apply. However, if the modification is one of visitation, then KRS 403.320 applies.

The difference is significant since a motion to modify custody made within two years after the date of the custody decree must be made on the basis of affidavits that the child's or children's present environment may endanger seriously his physical, mental, moral, or emotional health, or that the custodian under the prior decree has placed the child with a de facto custodian. KRS 403.340(2). Where the modification is one of visitation only, however, the court may grant an order modifying visitation rights if it would serve the best interests of the child. KRS 403.320(3).

We hold that the change in the primary residential custodian amounts to a modification of the joint custody arrangement. As the circuit court's order noted, the granting of Keni's motion resulted in "returning the children to her care." Under the new arrangement, Keni would assume the primary role in the minor day-to-day decisions concerning the children, would be primarily responsible for providing a residence for the children, and would assume their normal routine care and control. *See Fenwick,* 114 S.W.3d at 779. Additionally, the court's order noted that the "parenting time" would be "reversed" as would the child support obligation. Under these circumstances and the principles of the *Fenwick* case, we conclude that the modification was one of custody rather than visitation. Furthermore, because

KRS 403.340(2) was applicable and the motion was not supported by at least two affidavits, the circuit court was without jurisdiction to consider it. *See Petrey,* 987 S.W.2d at 788.

The order of the Garrard Circuit Court is reversed, and this case is remanded for the entry of an order denying Keni's motion and returning John as the children's primary residential custodian.

ALL CONCUR.