Saeid SHAFIZADEH, Appellant,

v.

Hon. Jerry J. BOWLES, Judge,
Jefferson Circuit Family
Court, Appellee.

and

Denise Shafizadeh (now Dugas); and
A.B.S. and D.J.S., minor children,
Real Parties in Interest.

No. 2010–SC–000747–MR.

Supreme Court of Kentucky.

Sept. 22, 2011.

Rehearing Denied Dec. 22, 2011.

Saeid Shafizadeh, Louisville, KY, for appellant.

Jerry Jay Bowles, Louisville, KY, for appellee.

Michelle M. Chalmers, Louisville, KY, for Real Party in Interest, Denise Shafizadeh (Now Dugas).

Trisha Anne Zeller–James, Louisville, KY, for Real Parties in Interest, Minors, A.B.S. And D.J.S.

Opinion of the Court by Justice CUNNINGHAM.

Appellant, Saeid Shafizadeh (hereinafter Saeid), and real-party-in-interest, Denise Shafizadeh (now Dugas) (hereinafter Denise), were married on January 27, 1982, in Henderson, St. Martin Parish, Louisiana. They moved to Louisville, Kentucky in January of 1983. The couple had four children, two of whom are now adults and two of whom are now minors. The minor children, A.B.S. and D.J.S., are also named herein as real-parties-in-interest. Saeid and Denise separated on December 27, 2006, and the petition for the dissolution of their marriage was filed on February 7, 2007. The two reached an agreement to share joint custody of their two minor children and signed an "Agreed Order of Custody" which was incorporated into the decree of dissolution. The formal divorce decree was entered on July 24, 2008, in the Family Division of the Jefferson Circuit Court.

On June 15, 2009, Denise filed a *pro se* Notice–Motion–Order Regarding Visitation, requesting a change in visitation and parenting schedule. On more than one occasion, Saeid petitioned the Appellee, Hon. Jerry J. Bowles, Judge of the Jefferson Circuit Family Court, to disqualify himself and that a special judge be appointed to consider the matter, all of which

were denied. On August 12, 2010, the Appellee granted Denise's motion to relocate to the Lafayette, Louisiana area with the two minor children and entered an order modifying the parenting schedule.

On September 24, 2010, Saeid moved the Court of Appeals for a writ of prohibition and for emergency relief under CR 76.36. The Court of Appeals denied the motion, determining that Saeid had failed to meet the threshold requirements for the issuance of a writ. Accordingly, the Court of Appeals denied the motion for emergency relief as moot. Saeid now appeals that decision to this Court. Additional facts will be set out as necessary.

■ The threshold requirements for the issuance of a writ of prohibition are set out in *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky.2004):

A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

■ The Court of Appeals summarily dismissed Saeid's claim of lack of jurisdiction by the Jefferson Circuit Family Court.[1] It addressed, in most of its opinion, the second class of writ, finding that Saeid had failed to satisfy the adequate remedy by appeal requirement. On appeal to this Court, however, Saeid argues only that he was entitled to a writ of the

---

1. In his brief, Saeid argues that the Court of Appeals abused its discretion by not providing analysis for this finding. An appellate court is not required to provide reasoning for each finding that it makes. Accordingly, this argument is without merit.

first class, i.e., that the family court was proceeding outside of its jurisdiction.

■ Saeid argues that the Court of Appeals erred in finding that the Jefferson Circuit Family Court had jurisdiction over Denise's motion to modify the parenting schedule. Saeid contends that the motion should be construed as a motion to modify custody rather than the timesharing or visitation schedule. Unlike motions to modify parenting schedules, motions to modify custody require supporting affidavits before the trial court obtains jurisdiction over them. *Crouch v. Crouch,* 201 S.W.3d 463, 465 (Ky.2006). Saeid's argument continues that, since this motion should be treated as a modification of custody and there were no affidavits accompanying it, the family court lacked jurisdiction to consider it. We disagree.

■■ We review appeals from the denials of writs based on questions of law *de novo. Rehm v. Clayton,* 132 S.W.3d 864, 866 (Ky.2004). In this case, the finding of the Court of Appeals that the family court was acting within its jurisdiction is a question of law. *Grange Mutual Insurance Co. v. Trude,* 151 S.W.3d 803, 810 (Ky. 2004). Accordingly, we review it *de novo.*

Saeid contends Denise's motion should be construed as a motion to modify custody under *Brockman v. Craig,* 205 S.W.3d 244 (Ky.App.2006). However, our more recent decision in *Pennington v. Marcum,* 266 S.W.3d 759 (Ky.2008) is controlling in this case. *Brockman* is, therefore, overruled to the extent it is inconsistent with *Pennington.*

In *Brockman,* the parents were joint custodians and neither was designated as the primary residential parent. The mother was seeking to relocate with the child outside of the jurisdiction. She argued that she was the primary residential parent since she was the main caregiver of the

child and, as such, she could relocate despite the father's objections. The Court of Appeals relied on *Fenwick v. Fenwick,* 114 S.W.3d 767 (Ky.2003) (overruled by *Frances v. Frances,* 266 S.W.3d 754 (Ky.2008) and *Pennington v. Marcum,* 266 S.W.3d 759 (Ky.2008)), and found that in order for one parent to be the primary residential parent, he or she "must be designated by the court or by agreement of the parties...." *Brockman,* 205 S.W.3d at 248. Since no primary residential custodian had been designated in *Brockman,* the Court of Appeals found that the mother was not the primary residential custodian, regardless of her role as the caregiver.

The Court of Appeals then cited *Crossfield v. Crossfield,* 155 S.W.3d 743, 746 (Ky.App.2005), holding that a "change in the primary residential custodian amounts to a modification of the joint custody arrangement." *Brockman,* 205 S.W.3d at 248. The Court of Appeals found that the mother's seeking to become the primary residential custodian was such a change, and that she had to meet the standard for modification of custody as a result.

Relying on *Brockman,* Saeid argues that whenever there is a joint custody arrangement that deliberately declines to name either parent as the primary residential custodian, any attempt by one parent to relocate outside the jurisdiction is, by definition, a modification of custody. However, the *Brockman* court held that the mother was seeking a change in custody because at the time, under *Crossfield,* a change in the primary residential custodian status was a modification of custody. This holding is overruled by *Pennington.*

Under *Pennington,* a parent seeking to become a primary residential parent in a joint custody arrangement is seeking a change in timesharing, not custody. "What the father in *Fenwick* really wanted was to become the *primary residential*

*parent,* which would be a modification of timesharing under joint custody." *Pennington,* 266 S.W.3d at 769 (emphasis added). As a result, Saeid's reliance on *Brockman* and *Crossfield* is misplaced and the *primary residential parent* label is not dispositive to this case.

 "Custody is either sole or joint . . . and to modify it is to change it from one to the other." *Pennington,* 266 S.W.3d at 767. It follows then that a modification of custody is only necessary when the parties are seeking a change of custody from sole to joint or vice versa. Since Saeid and Denise are joint custodians, a modification of custody would only be required if one of them was seeking sole custody of the children.

Denise was not seeking to alter the nature of the joint custody.

[C]hanging how much time a child spends with each parent does not change the legal nature of the custody ordered in the decree. This is true whether the parent has sole or joint custody: decision-making is either vested in one parent or in both, and how often the child's physical residence changes or the amount of time spent with each parent does not change this. *Id.*

Denise was not seeking to become the sole decision-maker for the minor children. She was seeking approval to relocate with the children and to adjust the time that the children spent with each of their parents in order to facilitate the relocation. Here, both parents are retaining their decision-making authority, while the time each parent spends with the children is being changed. As a result, Denise's motion does not alter the nature of the joint custody arrangement.

 The family court properly construed Denise's motion as a modification of visitation and timesharing. Where the "nature of the custody does not change, the trial court is not bound by the statutory requirements that must be met for a change of custody, but can modify timesharing based on the best interests of the child as is done in modifying visitation." *Id.* at 768. Since Denise's motion did not affect the parties' joint custody, the family court did not need affidavits to acquire jurisdiction. Accordingly, we agree with the Court of Appeals' conclusion that the family court had jurisdiction to entertain Denise's motion and, therefore, the petition for the writ was properly denied.

For all of the foregoing reasons, the opinion of the Court of Appeals is hereby affirmed.

All sitting. All concur.