RENDERED:  MARCH 21, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1000-MR

FELISHA BURNS (FORMERLY
FELISHA WHITE)                                                APPELLANT


                    APPEAL FROM MASON CIRCUIT COURT
v.          HONORABLE JEFFREY L. SCHUMACHER, JUDGE
                    ACTION NO. 20-CI-00027


JARROD WHITE AND
COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES                                               APPELLEES


                    OPINION AND ORDER
                         AFFIRMING

                      ** ** ** ** **

BEFORE:  ACREE, EASTON, AND McNEILL, JUDGES.

ACREE, JUDGE:  Appellant, Felisha Burns, appeals from the Mason Circuit

Court's July 6, 2023 order modifying timesharing between Burns and Appellee,

Jarrod White, as to Burns and White's two children.  In scattershot fashion, Burns

alleges the circuit court erred in a variety of ways.  However, the court's decision

to modify timesharing is supported by substantial evidence of record even if we assume Burns' assignments of error are correct. Therefore, we affirm.

Burns and White were married in August of 2018 but divorced on October 6, 2020. They have two young children together. Burns is now remarried. By agreement, the parties have joint custody of the children. Burns was to be primary custodian and White would have the children every other weekend and every other Wednesday night. Further, the parties agreed to equitably divide all birthdays and major holidays, except Mother's Day and Father's Day when the children would spend the day with the corresponding parent.

White moved to modify custody, timesharing, and support. A few months later, the circuit court entered a temporary visitation order and appointed a friend of the court (FOC) on April 11, 2023, and eventually conducted a hearing on White's motion. Both Burns and White testified, as well as a Cabinet for Health and Family Services worker, the FOC, a children's counselor, and a forensic interviewer with the Children's Advocacy Center.

The circuit court entered an order modifying custody and timesharing. Joint custody remained intact, but the circuit court found domestic violence existed in Burns' home and in her current marriage. It determined Burns experienced "cyclical domestic violence" at the hands of her husband.

Therefore, the circuit court determined modification to timesharing to be in the children's best interest. The circuit court designated White as the primary custodian and restricted Burns to every other weekend and certain holidays. The circuit court prohibited Burns' husband from being present during visits and prohibited him from being around the children for any reason.

Burns filed a motion to alter, amend, or vacate, which the circuit court denied. Burns now appeals.

Before reaching the merits of Burns' appeal, we note that, after briefing was completed, White filed a motion seeking dismissal of this appeal and sanctions against his opponent. White alleges Burns' appeal is frivolous as contemplated by RAP[1] 11(B). The rule provides:

> An appeal or motion is frivolous if the court finds that it is so totally lacking in merit that it appears to have been taken in bad faith. If an appellate court determines that an appeal or appellate filing is frivolous, it may impose an appropriate sanction, including but not limited to:
>
> (1) Striking of filings or briefs or portions thereof;
>
> (2) A dismissal of the appeal or denial of the motion;
>
> (3) Awarding just monetary sanctions and single or double costs to the opposing party;
>
> (4) Imposition of fines on counsel of not more than $1,000; and

---

[1] Kentucky Rules of Appellate Procedure.

(5) Such further remedies as are specified in any applicable rule.

RAP 11(B).  In response, Burns argues her appeal was taken in good faith and is supported by law.

We cannot say Burns' appeal is sufficiently frivolous to either dismiss this appeal or to impose sanctions, as it is apparent by her brief that this appeal is not taken in bad faith.  "[I]f the court finds that the appeal is totally lacking in merit in that no reasonable attorney could assert such an argument, bad faith may be inferred, and the appeal is frivolous." *Leasor v. Redmon*, 734 S.W.2d 462, 464 (Ky. 1987).  Further, "[s]anctions are appropriate only in egregious circumstances[.]" *Kenton Cnty. Fiscal Ct. v. Elfers*, 981 S.W.2d 553, 559 (Ky. App. 1998).  Upon review, Burns' brief does not demonstrate the requisite egregiousness to do as White asks.  Therefore, we deny the motion to dismiss and impose sanctions.

However, this does not mean we cannot identify substantial problems with Burns' brief.  Under RAP 32(A), arguments in appellants' opening briefs must contain "ample references to . . . citations of authority pertinent to each issue of law[.]"  RAP 32(A)(4).  Two of Appellant's arguments – her argument that the circuit court erred by ignoring rebuttal evidence and her argument that the circuit court's *sua sponte* restraining order was entered in error – entirely lack citations to legal authority.

-4-

Our appellate rules empower us to strike a brief, or portions thereof, "for failure to substantially comply with the requirements of these rules." RAP 31(H)(1). We exercise this power as to Burns' second and sixth arguments. Though our analysis of the merits of Burns' appeal reveals that striking these arguments ultimately has no bearing on the outcome of this appeal, we must stress the importance of following the rules. "Rules of procedure must be followed and cannot be ignored. If they are ignored in one case they could be ignored in all, which would result in the abolition of rules of procedure and chaos would result." *City of Louisville v. Christian Bus. Women's Club, Inc.*, 306 S.W.2d 274, 277 (Ky. 1957). We decline to strike the brief in its entirety because Burns cites at least some legal authority to support her remaining arguments.

Turning now to the merits of this appeal, we detect no grounds to reverse the circuit court. We reach this conclusion regardless of whether we were to agree with Burns' arguments regarding the admissibility of certain testimony. In short, we agree with the circuit court's assessment of the evidence in its order denying Burns' motion to alter, amend, or vacate – that even if all witness testimony was disregarded except for that of Burns, her testimony supports the circuit court's ultimate decision.

Modification of custody itself, as opposed to a modification of timesharing, "is only necessary when the parties are seeking a change of custody

from sole to joint or vice versa." *Shafizadeh v. Bowles*, 366 S.W.3d 373, 376 (Ky. 2011). "[A] parent seeking to become a primary residential parent in a joint custody arrangement is seeking a change in timesharing, not custody." *Id*. at 375.

"The court may modify an order granting or denying [timesharing] whenever modification would serve the best interests of the child[.]" KRS[2] 403.320(3); *Pennington v. Marcum*, 266 S.W.3d 759, 769 (Ky. 2008) ("[W]hen only visitation/timesharing modification is sought, the specific language of KRS 403.320(3) controls[.]"). Unlike KRS 403.340(3), the standard governing changes in custody, a material change in circumstances, is not required; rather, timesharing can be modified based on the best interest of the children. *Shafizadeh*, 366 S.W.3d at 376 ("Where the 'nature of the custody does not change, the trial court is not bound by the statutory requirements that must be met for a change of custody, but can modify timesharing based on the best interests of the child as is done in modifying visitation.'") (quoting *Pennington*, 266 S.W.3d at 768).

KRS 403.270(2) supplies a non-exhaustive list of relevant factors for determining children's best interests. These include: "[t]he interaction and interrelationship of the child with his or her parent or parents, his or her siblings, and any other person who may significantly affect the child's best interests;" "[t]he mental and physical health of all individuals involved;" and "[a] finding by the

---

[2] Kentucky Revised Statutes.

-6-

court that domestic violence and abuse, as defined in KRS 403.720, has been committed by one (1) of the parties against a child of the parties or against another party." KRS 403.270(2)(c), (f), (g).

Trial courts are "vested with broad discretion in matters concerning custody and visitation." *Jones v. Livesay*, 551 S.W.3d 47, 51 (Ky. App. 2018) (citations omitted). Their decisions on these matters will remain intact unless "they constitute a manifest abuse of discretion, or were clearly erroneous in light of the facts and circumstances of the case." *Drury v. Drury*, 32 S.W.3d 521, 525 (Ky. App. 2000) (citation omitted). An abuse of discretion occurs where a trial court's decision "was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). Clear error exists if substantial evidence – meaning, evidence sufficient to induce conviction in a reasonable person's mind – does not support the trial court's findings. *Elsea v. Day*, 448 S.W.3d 259, 263 (Ky. App. 2014) (citations omitted).

Burns' testimony alone supports modification. Burns testified to an incident at a children's hospital in Cincinnati where, following an argument, Burns' husband broke Burns' car window to retrieve his things when Burns refused to meet him outside to unlock the car. He also destroyed both side mirrors of the car, then sent Burns pictures of the damage he had done.

The circuit court admitted a transcript of a recording of a meeting between Burns and Maysville Police Chief Michael Palmer. Burns did not object to its admission. The recording revealed that Burns told Chief Palmer that, while she was pregnant, her husband threw a phone at her, striking her in the head and leaving a knot. She told Chief Palmer about an incident when her husband threw a car seat through a television. She admitted her husband had repeatedly thrown a wooden planter into her car.

By itself, this evidence is of substance and supports the circuit court's timesharing modification. The circuit court determined Burns' testimony demonstrated her current husband is violent and dangerous, and therefore justifies prohibiting him from being around the parties' children. No abuse of the circuit court's broad discretion occurred when the circuit court determined modification to be in the best interest of the children.

## CONCLUSION

For these reasons, we affirm the Mason Circuit Court's July 6, 2023 order modifying timesharing.

ALL CONCUR.

ENTERED: _____03/21/2025_____          _____
                                       JUDGE, COURT OF APPEALS


BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

W. Jeffrey Scott                Nolan Weddle
Whitley Hill Bailey             Junction City, Kentucky
Grayson, Kentucky