**Emma Jean PACE (Formerly Emma Jean Thomas), Petitioner,**

v.

**Honorable J. M. WOLFINBARGER, Judge, Estill Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Oct. 27, 1967.

Benjamin Mazin, Lawrence S. Grauman, Louisville, for appellant.

J. M. Wolfinbarger, Irvine, pro se.

DAVIS, Commissioner.

Emma Jean Pace has invoked the original jurisdiction of the court pursuant to Kentucky Constitution § 110, seeking an order of prohibition against Honorable J. M. Wolfinbarger, presiding judge of the Estill Circuit Court. The controversy arises by virtue of certain proceedings held by the respondent on a child custody motion. A resume of the factual background is required before stating the questions involved.

The petitioner, Emma Jean Pace, was formerly married to James Thomas from whom she was divorced by a judgment granted to her in the Estill Circuit Court on March 20, 1957. By the terms of that judgment, Emma Jean was awarded custody of Bobby Gene Thomas until further orders of the court. It appears from the scant record before us that Emma Jean found it necessary to place Bobby Gene in the home of Mrs. Sarah Jones Barnes in Estill County, but no order granting the custody of the child to Mrs. Barnes was entered. Mrs. Barnes is a great-aunt of Bobby Gene.

Emma Jean married Clyde Powell in 1958, and that marriage was terminated by the death of Powell. Emma Jean then married her present husband, Shelby Pace. It appears that she and Pace have been married about seven years and lived in Baltimore, Maryland, from 1961 to July 4, 1965, when they removed to Louisville where they now reside.

It appears that Bobby Gene was left in the physical custody of Mrs. Barnes even after Emma Jean and her husband returned to Kentucky, although Emma Jean visited with her son about twice a month and spent weekends with him. According to the allegations of the petition before us, Bobby Gene visited his mother and her husband in their home in Jefferson County during the summer of 1967, spent about three weeks with them, and "expressed a fervent desire to live with his mother and her husband at their home in Jefferson County, Kentucky, and to attend school in Jefferson County, Kentucky, and pursuant to the request of Bobby Gene she and her husband enrolled him in a very fine school * * *." The petition for prohibition alleges affirmatively that Emma Jean and her husband are ready, willing, and able to furnish a suitable home for Bobby Gene, who is now twelve years of age.

On August 29, 1967, Emma Jean received through the mail a notice of a motion for change of the custody order. The motion was filed in behalf of James Thomas, the boy's father, and the notice recited that the motion would be brought on for hearing in the Estill Circuit Court on September 1, 1967.

Emma Jean appeared in the Estill Circuit Court on September 1, 1967, in company of Bobby Gene, her husband, and her attorney. The attorney for Emma Jean objected to any hearing on the motion upon the ground that insufficient time had been given to enable proper preparation. The respondent-judge denied a continuance to Emma Jean, heard statements from the attorneys for both sides, and proceeded to enter an order changing the custody of Bobby Gene from Emma Jean to Sarah Jones Barnes. It is alleged in the petition before us that the respondent refused to permit introduction of evidence and declined to conduct a requested interview in chambers with Bobby Gene.

The present petition seeks an order against Judge Wolfinbarger " * * * prohibiting and restraining the respondent * * * from enforcing the Order entered September 1, 1967, taking the custody of Bobby Gene Thomas from the petitioner and giving the custody of said infant to Sarah Jones Barnes, and [prays] that this Court adjudge that the aforesaid Order entered by the respondent is void and that the respondent be prohibited from presiding at any future hearing that might be had in the Estill Circuit Court with reference to changing the custody of Bobby Gene Thomas, now vested in the petitioner under the Judgment and Order of March 20, 1957."

In essence, the petitioner asserts that she was denied due process and that the court proceeded to divest her of the custody of her son without any hearing in contravention of the fundamental rules of judicial procedure. It should be noted that the respondent-judge recited in the order of September 1, 1967, a finding of facts upon which he premised his legal conclusion that the custody of Bobby Gene should be awarded to Mrs. Barnes. In his response

the judge alleges that he based his factual finding upon statements made to him by counsel for both of the litigants, and that he did not deem it necessary to hear evidence in the circumstances.

 It is fundamental that this court will not exercise its constitutional power to issue orders of prohibition unless it appears (1) that inferior court is threatening to proceed or is proceeding in a matter in which it has no jurisdiction and that there is no remedy through an application to intermediate court, or (2) that although proceeding within its jurisdiction, it is exercising or about to exercise it erroneously and that there exists no adequate remedy by appeal, or otherwise, and that great injustice or irreparable injury would result to applicant if it should do so. Childers v. Stephenson, Ky., 320 S.W.2d 797; Wright v. Ropke, Ky., 393 S.W.2d 796; Barker v. Breslin, Ky., 329 S.W.2d 578; Bender v. Eaton, Ky., 343 S.W.2d 799. In the case at bar, appeal from the order of September 1, 1967, was readily available to the petitioner. It is unquestionable that the Estill Circuit Court had jurisdiction of the subject matter and the parties involved. Whether the notice of motion afforded proper time to the petitioner within purview of CR 6.04 and 6.05, we need not here determine; challenges to the validity of the order on that basis would have been available upon due appeal. Custody orders are subject to review by the circuit court in appropriate circumstances. KRS 403.070. There was no motion that the respondent should vacate the bench as permitted by KRS 23.230(1). We regard as premature the present effort to "swear off the bench" a judge before whom no motion is pending. In light of all these circumstances, we conclude that the present proceeding is not one warranting the extraordinary remedy of prohibition.

It is ordered that the relief sought be, and it is, hereby denied.

All concur.