**Johnny Wayne SPIVEY, Appellant,**

v.

**Honorable Edward JACKSON, Judge, Estill Circuit Court, Appellee.**

Supreme Court of Kentucky.

June 24, 1980.

Johnny Wayne Spivey, pro se.

Steven L. Beshear, Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

The appellant, Johnny Wayne Spivey, was serving a three-year sentence in the Kentucky State Reformatory at La Grange when, in November 1977, the Estill Circuit Court indicted him for first-degree assault. On December 26, 1978, Spivey filed a formal request for a final disposition of all outstanding charges pursuant to the Interstate Compact Agreement on Detainers Act. Receiving no response to his request, Spivey filed a "Motion to Dismiss for Failure to Prosecute" with the Estill Circuit Court on August 28, 1979 (245 days after

the initial request for speedy trial). Again, receiving no response from the Estill County officials, the appellant filed a petition for a writ of mandamus with the Court of Appeals on November 1, 1979, asking the Court of Appeals to direct the Estill Circuit Court to rule on his motion to dismiss the indictment.

The respondent, Judge Edward Jackson, then filed a "response" to movant's petition for a writ of mandamus with the Court of Appeals on November 14, 1979, to the effect that appellant's trial had been set for January 14 or 16, 1980, and that Christopher S. Combs had been appointed as appellant's counsel. The appellant did not receive a copy of said response. The Court of Appeals then issued an order denying the petition for a writ of mandamus on December 6, 1979.

On December 29, 1979, Spivey then filed a petition for a writ of prohibition with the Court of Appeals, requesting an order prohibiting the Estill Circuit Court from trying Spivey on the charges in the November 1977 indictment, as a violation of the specific terms of KRS 500.110. The respondent's only reply was one line: "Johnny Wayne Spivey is to be tried Monday, January 14, 1980." This was filed with the Court of Appeals on *January 15, 1980*. The Court of Appeals denied the appellant's petition for a writ of prohibition on January 31, 1980. Spivey had, in the meantime, been brought to trial in Estill County but the jury was unable to reach a verdict. A new trial date was set for May of this year.

Spivey has petitioned this court to reverse the Court of Appeals and to issue the writ of prohibition in order to prevent the Estill Circuit Court from continuing its prosecution of the 1977 indictment.

Appellant bases his claim on the provisions of KRS 500.110, claiming that the Estill Circuit Court has lost jurisdiction in this matter because of its failure to bring appellant to trial within the statutorily prescribed time period. KRS 500.110 states:

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in any jurisdiction of this state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Appellant's case seems to be a textbook example of the kind of situation this statute was intended to affect. The obvious intent of KRS 500.110 is to expedite criminal proceedings against incarcerated individuals. The statute is clear: an incarcerated defendant *shall be brought to trial within 180 days of his request for trial.* This was not done. A trial date was not even set until 245 days after the appellant's motion for speedy trial and the appellant was not even informed of the fact until one month before the trial. The respondent has failed to show good cause why any reasonable delay in the action was necessary.

The decision of the Court of Appeals is reversed and that court is directed to issue the writ of prohibition as originally requested by the appellant.

PALMORE, C. J., and AKER, CLAYTON, LUKOWSKY, STEPHENSON and STERNBERG, JJ., sitting. All concur.