**Robert Ray PETREY, Appellant,**

v.

**William T. CAIN, Judge, Lincoln Circuit Court and Bonnie Parker (now Roark), (Real Party in Interest), Appellees.**

No. 98–SC–692–MR.

Supreme Court of Kentucky.

March 25, 1999.

Michael L. Judy, Johnson, Judy, True & Guarnieri, LLP, Frankfort, for Appellant.

John E. Clontz, Clontz & Cox, Mt. Vernon, for Appellees, Parker (now Roark).

COOPER, Justice.

Robert Ray Petrey and Bonnie Roark were divorced by a decree of the Anderson Circuit Court in 1987. That decree also awarded Robert sole custody of the parties' infant daughter, Amanda, whose date of birth is February 7, 1983. On May 14, 1998, Bonnie filed a motion in the Lincoln Circuit Court to modify the previous custody decree by converting it to a joint custody decree with Bonnie as the "primary residential caretaker." She accompanied her motion with her own affidavit alleging *inter alia* that Robert had abdicated custody to the paternal grandparents and that Amanda had attempted to run away from the home of the *de facto* custodians. Judge William T. Cain, regular judge of the Lincoln Circuit Court, scheduled an evidentiary hearing on the motion. Robert then filed an original action petitioning the Court of Appeals to issue a writ prohibiting Judge Cain from conducting any further proceedings on the motion. Ky . Const. § 111(2). The Court of Appeals denied the

788

petition and Robert appeals to this Court as a matter of right. Ky. Const. § 115.

■ In support of his petition, Robert asserts that (1) Bonnie filed only one affidavit in support of her motion and the statutory scheme requires that at least two affidavits be filed; and (2) the affidavit which she filed contains insufficient factual allegations to warrant a hearing on the motion. KRS 403.350.

■ The issuance of a writ of prohibition is appropriate only when the inferior court is acting without jurisdiction, or when it is proceeding erroneously within its jurisdiction and irreparable injury will result to the petitioner for which there is no adequate remedy at law. *Pace v. Wolfinbarger*, Ky., 420 S.W.2d 561 (1967); *Burchell v. Burchell*, Ky.App., 684 S.W.2d 296 (1984). An inferior court's jurisdiction within the meaning of the rules applicable to prohibition connotes subject matter jurisdiction. *Preston v. Meigs*, Ky., 464 S.W.2d 271, 275 (1971). Ordinarily, "subject matter jurisdiction" refers to a court's authority to determine "this kind of case" as opposed to "this case." *Duncan v. O'Nan*, Ky., 451 S.W.2d 626, 631 (1970); *Karahalios v.. Karahalios*, Ky.App., 848 S.W.2d 457 (1993). However, although a court may have jurisdiction over a particular class of cases, it may not have jurisdiction over a particular case at issue, because of a failure by the party seeking relief to comply with a prerequisite established by statute or rule. *Milby v. Wright*, Ky., 952 S.W.2d 202, 205 (1997).

KRS 403.350 provides as follows:

A party seeking a temporary custody order or modification of a custody decree shall submit together with his moving papers *an affidavit* setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, to other parties to the proceeding, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing on an order to show cause

why the requested order or modification should not be granted. (Emphasis added.)

KRS 403.340(1) provides as follows:

No motion to modify a custody decree shall be made earlier than two (2) years after its date, unless the court permits it to be made on the basis of *affidavits* that there is reason to believe the child's present environment may endanger seriously his mental, moral, or emotional health. (Emphasis added.)

■ Read together, these two statutes require that a motion to modify a prior custody decree must be accompanied by at least one affidavit; and if the motion is made earlier than two years after its date, it must be accompanied by at least two affidavits. *See Copas v. Copas*, Ky.App., 699 S.W.2d 758 (1985). If the applicable requirement is not met, the circuit court is without authority to entertain the motion. *Chandler v. Chandler*, Ky., 535 S.W.2d 71 (1975); *Robbins v. King*, Ky., 519 S.W.2d 839 (1975); *Gladish v.. Gladish*, Ky.App., 741 S.W.2d 658, 661 (1987); *cf. Duncan v. O'Nan*, *supra*, at 631 (subject matter jurisdiction is absent "where the court has not been given any power to do anything at all"). Thus, the circuit court does not acquire subject matter jurisdiction over a motion to modify a prior custody decree unless the motion is accompanied by the requisite affidavit or affidavits.

Bonnie's motion was filed more than two years after entry of the prior decree. The motion was accompanied by one affidavit as required by KRS 403.350. Thus, the Lincoln Circuit Court acquired subject matter jurisdiction to adjudicate her motion.

Having acquired subject matter jurisdiction, the circuit court is then directed by the statutes to summarily deny the motion if the affidavit(s) do not show adequate cause for a hearing. *Quisenberry v. Quisenberry*, Ky., 785 S.W.2d 485 (1990); *Betzer v. Betzer*, Ky. App., 749 S.W.2d 694 (1988); *West v. West*, Ky.App., 664 S.W.2d 948 (1984). However, an unfavorable ruling in that respect is not grounds for the issuance of a writ of prohibition. Even if the trial judge is proceeding erroneously within his jurisdiction, there is an adequate remedy at law by way of appeal from any order entered which grants or de-

nies a motion to modify a prior custody decree. *Pace v. Wolfinbarger, supra.*

Accordingly, the order of the Court of Appeals denying the petition for a writ of prohibition is affirmed.

All concur.