Shane Thomas MASTERS, Appellant

v.

Dena Sue Greer MASTERS, Appellee.

No. 2012–SC–000420–DGE.

Supreme Court of Kentucky.

Dec. 19, 2013.

Rebecca Novak Ashman for Appellant.

Crystal L. Osborne, Britton Osborne Johnson PLLC, Lexington, for Appellee.

Opinion of the Court by Justice VENTERS.

Appellant, Shane Thomas Masters, appeals a decision of the Court of Appeals that, based upon our opinion in *Petrey v. Cain*, 987 S.W.2d 786 (Ky.1999), concluded that the Madison Family Court lacked subject matter jurisdiction to rule upon Appellant's motion to modify a child custody order. As a result of that ruling, the Court of Appeals vacated the trial court's order and remanded the matter for further proceedings.

We granted discretionary review to reconsider the jurisdictional question raised in the Court of Appeals' opinion. Upon that re-consideration and for the reason stated below, we now reverse the opinion of the Court of Appeals and remand this case to the Court of Appeals for further consideration.

## I. FACTUAL AND PROCEDURAL HISTORY

At the time of their divorce, Appellant Shane Masters and Appellee Dena Masters had one child. On April 18, 2005, with what is obviously a non-final, non-appealable order, the Madison Family Court granted the parties joint custody of the child and designated Dena as the primary residential custodian. The order also set child support and established a visitation schedule; it provided for payment of an accumulated child-support arrearage; it assigned ownership of the couple's vehicles; and it assigned responsibility for the debts on the vehicles and other marital debts. The order did not dissolve the marital relationship and it reserved for later determination the issues of temporary and long-term maintenance, and the division of marital property, including the marital residence.

On August 12, 2005, a final decree of dissolution of marriage was entered. The decree incorporated by reference the April 18 order and a subsequent visitation agreement dated August 9, 2005.

On May 31, 2007, *twenty-five* months after the initial custody order of April 2005, but only *twenty-two* months after entry of the final judgment awarding joint custody, Shane filed a motion to modify child custody so as to grant him sole custody of the child. Shane's motion was supported by his own affidavit, and an exhibit consisting of several letters, each signed by a person supporting the requested custody modification. Each letter was also subscribed by a notary public, but there was no jurat of the notary expressly certifying the identity of the signatory of the letter and attesting that the signatory was under oath, or otherwise had been sworn.

We briefly digress for a review of the applicable statutes. KRS 403.350 pro-

vides: "A party seeking . . . modification of a custody decree shall submit together with his moving papers *an affidavit* setting forth facts supporting the requested order or modification." (emphasis added.). KRS 403.340(2) provides, in part, "No motion to modify a custody decree shall be made earlier than two (2) years after its date, unless the court permits it to be made on the basis of *affidavits* that. . . ." (emphasis added).

We examined these statutory requirements in *Petrey v. Cain* and we concluded that when "[r]ead together, these two statutes require that a motion to modify a prior custody decree must be accompanied by *at least one affidavit;* and *if the motion is made earlier than two years after its date, it must be accompanied by at least two affidavits.*" 987 S.W.2d 786, 788 (Ky. 1999). (emphasis added). We then said: "Thus, the circuit court does not acquire subject matter jurisdiction over a motion to modify a prior custody decree unless the motion is accompanied by the requisite affidavit or affidavits." *Id.*

Meanwhile, with the motion to modify custody pending, Shane sought and obtained an emergency order granting him sole custody of the child on a temporary basis. Eventually, in May 2010, the Madison Family Court heard Shane's 2007 motion for modification of custody. Many witnesses were heard and more than twenty depositions were offered as evidence. Over Dena's objection, the Madison Family Court entered a final order granting Shane sole permanent custody of the child.

Dena appealed the decision to the Court of Appeals, complaining that the trial court had abused its discretion in granting Shane custody of the child, that the findings of the trial court were clearly erroneous, and that the evidence did not satisfy the requirements of KRS 403.340(2) for modification of a custody decree. However, the Court of Appeals declined to address the issues that Dena presented, and instead it vacated the trial court's order on the ground that the Madison Family Court lacked subject matter jurisdiction over the matter. The Court of Appeals reasoned that Shane's motion was made less than two years after the entry of the August 2005 final decree awarding custody, and was supported by only one affidavit, that being his own, and was therefore deficient under our holding in *Petrey.* We granted discretionary review to re-examine the holding in *Petrey* regarding subject matter jurisdiction in light of our recent decision in *Daugherty v. Telek,* 366 S.W.3d 463 (Ky.2012).

## II. SUBJECT MATTER JURISDICTION OF THIS MATTER WAS NOT CONTINGENT UPON COMPLIANCE WITH THE AFFIDAVIT REQUIREMENT OF KRS 403.340

Shane argues that, if the notarized letters attached to his motion had been recognized as affidavits, then his motion was in compliance with KRS 403.340's requirement for "affidavits," and consequently, the Court of Appeals erred in vacating the order based upon his motion.[1] Shane argues in the alternative that *Petrey* incorrectly equates non-compliance with the affidavit requirement of KRS 403.340 to the absence of subject matter jurisdiction. He points out that, until this case arrived at the Court of Appeals, his motion for custody modification had never been challenged as deficient for lack of affidavits. The Court of Appeals, however, relying upon

---

1. It appears that the exhibits containing the notarized letters were inadvertently omitted from the record supplied to the Court of Appeals, and it appears that the Court of Appeals was not made aware of their existence.

*Petrey*, held that the deficiency was jurisdictional and not subject to waiver.

We addressed a similar issue in *Daugherty v. Telek*, where the Court of Appeals had concluded that the family court lost subject matter jurisdiction to enter a domestic violence order once the fourteen-day time requirements of KRS 403.740(4) had lapsed. 366 S.W.3d at 465–66. The Court of Appeals decision in *Daugherty* was based "upon the premise that the family court's failure to follow a statutory procedure left it without subject matter jurisdiction to issue a domestic violence order." *Id.* at 466.

However, in *Daugherty*, we disagreed, reasoning that:

"[S]ubject matter jurisdiction does not mean 'this case' but *'this kind of case.'* " ... [Accordingly,] [t]he court has subject matter jurisdiction when the "kind of case" identified in the pleadings is one which the court has been empowered, by statute or constitutional provision, to adjudicate. . . .

"Once a court has acquired subject matter and personal jurisdiction, challenges to its subsequent rulings and judgment are questions incident to the exercise of jurisdiction rather than to the *existence* of jurisdiction." ...

[Thus,] while a failure to comply with KRS 403.740 would not have divested the family court of subject matter jurisdiction to enter a DVO, [Appellee] still may be afforded relief from the DVO if

its entry after the expiration of the time constraints identified in KRS 403.740 was otherwise an improper exercise by the family court of its judicial power. *Id.* at 466–67 (citations and footnotes omitted).

■ Similarly, in this case, because the family court has by statute been granted jurisdiction over "this kind of case," an error with respect to KRS 403.340 does not divest it of subject matter jurisdiction. Instead, the failure to comply with the statute simply gives the aggrieved party the opportunity for relief based upon the court's improper exercise of its judicial power.[2]

Accordingly, we overrule *Petrey* to the extent that it holds that a circuit court or a family court lacks subject matter jurisdiction over a motion to modify child custody simply because the motion is not compliant with KRS 403.340's requirement for more than one affidavit. And so, while it may be argued that Shane's motion, filed within two years of the final custody order, lacked the requisite number of affidavits, it cannot be said that the Madison Family Court lacked subject matter jurisdiction over the controversy. Indeed, a *initio. See Dix v. Dix*, 310 Ky. 818, 222 S.W.2d 839, 842 (1949). Therefore, the Court of Appeals erred by holding that the Madison Family Court lost subject matter jurisdiction over the custody modification due to Shane's failure to comply with the affidavit requirement of KRS 403.340.

**2.** This is essentially the point made by Senior Judge Lambert, formerly Chief Justice Lambert, in his concurring opinion in the instant case. *Petrey* employed a misnomer in describing the type of jurisdiction at issue in this type of situation. Failure to comply with the affidavit requirement under discussion implicates not subject matter jurisdiction, but rather implicates *particular case jurisdiction*, which describes the situation when a court has subject matter jurisdiction over a particu-

lar type or class of case, but because of a procedural fault, cannot properly act in the specific case under review. *See Commonwealth v. Griffin*, 942 S.W.2d 289, 291 (Ky. 1997) (stating subject matter jurisdiction refers to a class of cases as opposed to particular case jurisdiction which refers to a court's authority over a specific case); *see also Hisle v. Lexington–Fayette Urban County Government*, 258 S.W.3d 422, 428–430 (Ky.App. 2008).

Furthermore, Dena concedes that she did not challenge Shane's motion in the trial court upon the ground that it did not comply with the affidavit requirement of KRS 403.340. Because we now recognize that such a deficiency did not divest the trial court of subject matter jurisdiction, we must further conclude that her failure to raise the question constitutes a waiver of her right to challenge the matter on appeal. It is well-settled that an appellate court "is without authority to review issues not raised in or decided by the trial court." *Ten Broeck Dupont, Inc. v. Brooks,* 283 S.W.3d 705, 734 (Ky.2009) (citing *Regional Jail Authority v. Tackett,* 770 S.W.2d 225, 228 (Ky.1989)).

Because Dena did not challenge Shane's motion in the trial court as being in violation of KRS 403.340(2), she acquiesced in the trial court's hearing of the motion and may not assert on appeal that same violation as grounds for reversal of the trial court's ruling on appeal. We therefore reverse the opinion of the Court of Appeals.

## III. OTHER MATTERS

Shane argues that the opinion of the Court of Appeals should be reversed for two other reasons: first, he contends that his motion was not deficient in the number of affidavits filed with it because the notarized letters included in the attached exhibit qualified as affidavits. Second, he argues that his motion was not deficient. He asserts that because it was filed more than two years after entry of the interlocutory order, KRS 403.340 required only one affidavit.

Because we have concluded that Dena waived the right to contest the lack of compliance with the affidavit requirement of KRS 403.340(2), we decline to consider whether notarized letters, lacking a proper jurat qualify as affidavits, and whether the two-year limit proscribed by KRS 403.340 began to run upon entry of the interlocutory order of April 2005.

## IV. CONCLUSION

For the foregoing reasons, the decision of the Court of Appeals is reversed. This case is hereby remanded to the Court of Appeals for consideration of the merits of issues raised in Dena Masters's appeal.

All sitting. All concur.