# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$ FINAL

## 2014-SC-000686-MR

DATE 10-15-15 ____

RANDY A. MAREMA; PAMELA J. MAREMA;                    APPELLANTS
AND WESLEY A. MAREMA


|  | ON APPEAL FROM COURT OF APPEALS |
|---|---|
| V. | CASE NO. 2014-CA-001438-OA |
|  | HARDIN CIRCUIT COURT NO. 10-CI-0231 |


HON. KELLY MARK EASTON, JUDGE,                         APPELLEE
HARDIN CIRCUIT COURT

AND

FIRST FEDERAL SAVINGS BANK OF              REAL PARTY IN INTEREST
ELIZABETHTOWN, INC.


## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Randy A., Pamela J., and Wesley A. Marema (the Maremas) appeal from an order of the Court of Appeals denying their petition for a writ of prohibition. For the following reasons, we affirm.

### I. BACKGROUND.

The Maremas borrowed in excess of $1,000,000 from First Federal Savings Bank of Elizabethtown, Inc. (the Bank) to purchase two residential properties in Elizabethtown. The terms of the loan called for interest only payments for one year, with the balance due at the end of that year. The Maremas secured the loan with mortgages on the two Elizabethtown properties and on two properties they owned in Arizona. At the end of the one-year period, the Maremas were unable to make the balloon payment and, after

making several extensions, the Bank filed a foreclosure action. The Maremas filed a counter-claim alleging that the Bank had violated several provisions of the federal Truth in Lending Act, 15 U.S.C.A. §§ 1601 *et seq.* (the Act).

The trial court granted summary judgment to the Bank on its foreclosure action and awarded the Bank in excess of $1,000,000 in damages, which included $12,368.91 in attorney fees. The court then held a hearing on the Maremas' claims under the Act and found that their right of rescission was time barred and that they were not entitled to actual damages. However, the court found that the Bank had violated the Act by not providing the Maremas with some required documents and it awarded the Maremas $12,000 in damages plus $10,000 in attorney fees and $1,270.30 in costs.

The Maremas appealed to the Court of Appeals, arguing that the trial court erred by finding that their right of rescission under the Act was time barred; the trial court should have awarded actual damages; and the award of attorney fees was insufficient. The Court of Appeals affirmed the trial court and the Maremas sought discretionary review before this Court, which we denied. They then sought discretionary review before the United States Supreme Court, which was also denied.

Thereafter, the Maremas, through counsel, sought payment of the attorney fees that the trial court had awarded. When the Bank did not pay the attorney fees, the Maremas filed judgment liens. The Bank filed a motion to quash the judgment liens and a motion to offset its own, and the Maremas'

2

attorney fee awards. Following a hearing,[1] the trial court granted the Bank's motions. The Maremas then filed a petition for a writ of prohibition in the Court of Appeals, which the Court of Appeals denied. In doing so, the Court held that the trial court had subject matter jurisdiction over the case, and the Maremas had an adequate remedy by way of appeal. This appeal followed. On appeal, the Maremas argue that the trial court did not have jurisdiction over their case, that it acted erroneously by offsetting the attorney fee awards, and that they do not have an adequate remedy on appeal.

## II. STANDARD OF REVIEW.

The appropriate standard of review depends on the class or category of writ case involved. If the case is one of the first class, *i.e.* where the trial court is alleged to have no jurisdiction over the matter, the standard of review is *de novo*. If the case is one of the second class, *i.e.* where the trial court acted within its jurisdiction but did so erroneously, we review the decision by the Court of Appeals for abuse of discretion, reversing the Court's factual findings only if they are clearly erroneous. *Grange Mut. Ins. Co. v. Trude,* 151 S.W.3d 803, 810 (Ky. 2004), *as modified* (Dec. 1, 2004).

---

[1] In their brief, the Maremas state that no hearing took place. However, we note that the Bank stated in its motion to off-set attorney fees that the motion would be heard on July 15, 2014, and the trial court noted in its order that a hearing was held on July 15, 2014.

## III. ANALYSIS.

As noted above, there are two general classes of writ cases. The first class involves the lower court acting outside its jurisdiction.

> In the context of the extraordinary writs, "jurisdiction" refers not to mere legal errors but to subject-matter jurisdiction, *e.g., Goldstein v. Feeley,* 299 S.W.3d 549 (Ky. 2009), which goes to the court's core authority to even hear cases. *See, e.g., Petrey v. Cain,* 987 S.W.2d 786, 788 (Ky. 1999) (defining subject-matter jurisdiction as "a court's authority to determine 'this kind of case' as opposed to 'this case'" (quoting *Duncan v. O'Nan,* 451 S.W.2d 626, 631 (Ky. 1970))).

*Lee v. George,* 369 S.W.3d 29, 33 (Ky. 2012).

"The Circuit Court shall have original jurisdiction of all justiciable causes not vested in some other court. It shall have such appellate jurisdiction as may be provided by law." Ky. Const. § 112. Kentucky Revised Statute (KRS) 454.080 provides that an action to enjoin a judgment shall be brought in the court where the judgment was rendered. Therefore, the Maremas' argument to the contrary notwithstanding, this is not a writ of the first class because the trial court had jurisdiction to address post-judgment issues.

To qualify as a second class writ case, the Maremas must show that: (1) there is no adequate remedy by appeal, and (2) that they will suffer great injustice and irreparable harm. *Lee v. George,* 369 S.W.3d 29, 33 (Ky. 2012). As an alternative to the second prong, they can show that their case fits into the narrow "certain special cases" exception. *Id.* Even upon such a showing, they must also show that the trial court erred or is about to err. *Id.* Because

4

showing that there is no adequate remedy by appeal is a necessary pre-condition to obtain a second-class writ, we address it first.

"No adequate remedy by appeal" means that the Maremas could not adequately seek redress of any error if the writ is denied. *Id.* The Maremas argue that the Bank "is in deep financial distress, and is about to be gobbled up by another bank. Since the details of this impending transaction are being kept from the public at large, it is impossible to know whether there would be assets of the Bank to pay the attorney's fees." This amounts to mere speculation, which is not sufficient to show the lack of an adequate remedy by appeal. *See Ridgeway Nursing & Rehab. Facility, LLC v. Lane,* 415 S.W.3d 635 (Ky. 2013) (allegations of harm to the defendant from arguably impermissible interviews of its employees conducted by the plaintiff's investigator were too speculative to support issuance of a writ). Moreover, an appeal can correct the legal error purportedly committed here; that the bank may become judgment proof does not change this.

Even if the Maremas could prove they have no adequate remedy by appeal, they cannot show great injustice and irreparable injury. That requires showing "something of a ruinous nature." *Grange Mut. Ins. Co. v. Trude,* 151 S.W.3d 803, 808 (Ky. 2004). Even if the Bank cannot pay, there is no actual harm to the Maremas because the court offset the Maremas' attorney fee debt to the Bank. We recognize that their attorney may suffer harm if the Maremas are unable to pay him; however, he is not a party to this appeal.

Even if the Maremas could prove they have no adequate remedy by appeal, this is not a special writ case. Special writ cases involve issuance of a writ in order to prevent "a substantial miscarriage of justice" or when "correction of [an] error is necessary 'in the interest of orderly judicial administration.'" *Lee v. George*, 369 S.W.3d 29, 32 (Ky. 2012) *quoting Bender v. Eaton*, 343 S.W.2d 799, 801 (Ky. 1961). The Maremas have not established that the trial court's order off-setting attorney fees caused any miscarriage of justice, let alone a substantial one. While offsetting the attorney fee awards may have perhaps been erroneous, and we are not saying that it was, doing so was a reasonable Solomon-like solution, not one that smacks of substantial injustice. Furthermore, if the trial court's order was erroneous, correction of any such error is not necessary for the orderly administration of justice. As set forth in KRS 454.080, issues regarding enjoinder of the enforcement of judgments belong in the court that issued the judgment. Therefore, issuance of the order by the circuit court was in concert with the legislatively determined orderly administration of justice.

Finally, because the Maremas have failed to prove any irreparable harm, we need not address whether the trial court's actions were erroneous.

## IV. CONCLUSION.

For the foregoing reasons, we affirm the denial of the Maremas' petition for a writ of prohibition by the Court of Appeals.

All sitting. All concur.

6

COUNSEL FOR APPELLANTS:

Terrence L. McCoy

COUNSEL FOR APPELLEES:

Jason B. Bell