RENDERED:  JANUARY 10, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1497-MR


AARON J. HAUBNER                                                          APPELLANT


|   | APPEAL FROM BOONE FAMILY COURT |
|---|---|
| v. | HONORABLE JENNIFER DUSING, JUDGE |
|   | ACTION NO. 20-CI-00728 |


JAMIE E. HAUBNER                                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, ECKERLE, AND TAYLOR, JUDGES.

EASTON, JUDGE:  The Appellant ("Aaron") appeals from the Boone Family Court's Order granting Appellee ("Jamie") sole decision-making authority regarding the mental health care of the parties' minor children.  After a review of the record and the applicable law, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

The parties were married in 2008 and were divorced by decree in September 2021. Two children were born during the marriage. A settlement agreement ("Agreement") was signed by the parties and incorporated into their Decree of Dissolution of Marriage. This Agreement granted joint custody of the children to the parties, and the only issue not resolved by the Agreement was whether the children should attend counseling. This issue was reserved by the parties to be resolved by the family court.

A hearing was held on this issue in September 2021. The circuit court entered an order requiring the children to attend counseling. Aaron appealed that order, and this Court vacated the order and remanded it to the circuit court to make requisite findings of fact.[1]

The circuit court entered a new order in April 2023. The circuit court determined it was in the children's best interests to be enrolled in counseling, and it made the required findings of fact to support this conclusion. This order specified "the minor children shall attend counseling with Abby at Brightside Counseling or another agreed upon child therapist."[2] In May 2023, Jamie made a motion requesting the family court to grant her authority to make decisions related to the

---

[1] *Haubner v. Haubner*, No. 2021-CA-1233-MR, 2023 WL 446903 (Ky. App. Jan. 27, 2023).

[2] Order of April 28, 2023, Page 8, Record at Page 95.

children's counseling, or in the alternative, to order a new counselor, as the counselor named in the April order had terminated services with the parties' children, and the parties could not agree on another therapist.

Jamie accused Aaron of threatening Abby, leading her to withdraw from counseling the children. Because the order stated that the children shall attend counseling with this particular counselor "or another agreed upon child therapist," Jamie argued Aaron was effectively ending the children's counseling because he refused to agree to any other counselor.

The family court held a lengthy hearing on August 22, 2023, at which both Jamie and Aaron testified. The family court entered an order on September 28, 2023, which stated "Mother shall have the sole decision-making authority regarding the children's mental health care. This decision-making authority extends only to decisions regarding the children's mental health including but not limited to counseling, therapy, mental health assessments, learning and educational assessments, and other mental health treatment and medication."[3]

Aaron filed a Motion to Alter, Amend, or Vacate pursuant to CR[4] 59.05, which was denied. This appeal follows. Aaron argues the circuit court's

---

[3] Circuit Court Order of September 28, 2023, Pages 25-26, Record at Page 171.

[4] Kentucky Rules of Civil Procedure.

order is voidable because Jamie's motion did not comply with KRS[5] 403.340, and that the circuit court incorrectly relied instead on KRS 403.330. Further facts and testimony will be discussed as necessary.

## STANDARD OF REVIEW

When ruling upon motions related to child custody or time-sharing, the family court is required to make written findings of fact and conclusions of law pursuant to CR 52.01. *Anderson v. Johnson*, 350 S.W.3d 453, 456 (Ky. 2011); *Keifer v. Keifer*, 354 S.W.3d 123, 125-26 (Ky. 2011). Our review under CR 52.01 provides that the family court's "[f]indings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." CR 52.01. *See Asente v. Moore*, 110 S.W.3d 336, 354 (Ky. 2003).

After the review of factual findings, a family court's rulings on post-decree motions may be reversed only for an abuse of discretion. *Hempel v. Hempel*, 380 S.W.3d 549, 551 (Ky. App. 2012). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair or unsupported by sound legal principles." *Woodard v. Commonwealth*, 147 S.W.3d 63, 67 (Ky. 2004).

---

[5] Kentucky Revised Statutes.

-4-

To summarize our review, if the findings of fact by the family court are supported by substantial evidence and the correct law is applied, the ruling of the family court will only be reversed for an abuse of discretion. *See Coffman v. Rankin*, 260 S.W.3d 767, 770 (Ky. 2008). We review issues of law de novo. *Ball v. Tatum*, 373 S.W.3d 458, 464 (Ky. App. 2012). "The construction and application of a statute is a question of law, which we review *de novo*." *Petitioner F v. Brown*, 306 S.W.3d 80, 86 (Ky. 2010).

## ANALYSIS

Aaron argues the family court's order is voidable because Jamie's motion did not comply with KRS 403.340. He claims the circuit court's order effectively strips him of joint custody of the children, and any modification of custody must comply with the statutory requirements. Further, he argues the circuit court erred in relying on KRS 403.330 in order to modify the parties' custody agreement.

The relevant portions of KRS 403.340, titled "Modification of Custody Decree," are as follows:

> (1) As used in this section, "custody" means sole or joint custody, whether ordered by a court or agreed to by the parties.
>
> (2) No motion to modify a custody decree shall be made earlier than two (2) years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe that:

-5-

(a) The child's present environment may endanger seriously his physical, mental, moral, or emotional health[.]

Aaron argues that the family court's order giving Jamie sole decision-making authority over matters of the children's mental health effectively removes him as a joint custodian, modifying custody from joint to sole custody. Therefore, Aaron claims Jamie's motion had to comply with the requirement that two affidavits must be filed which allege that the children's physical, mental, moral, or emotional health were endangered by the previous arrangement. The Motion was made prior to the passing of two years from the previous custody order.

In response, Jamie claims that this argument was not preserved, and was thus waived, by Aaron. Aaron first raised this statutory argument in his Motion to Alter, Amend, or Vacate. "A party cannot invoke CR 59.05 to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of the judgment." *Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005). Aaron responds in his Reply Brief that he was unaware that Jamie was moving for a change in custody until the family court issued its order, which did modify custody. Aaron's assertions are not persuasive.

Despite Aaron's insistence that he was unaware that Jamie was asking for sole decision-making authority over the children's counseling, his counsel's statements at the August 2023 hearing clearly illustrate otherwise. Aaron's

counsel specifically asked Jamie during the hearing if she wanted "complete control" to make all of the mental health decisions of the children, to which Jamie responded in the affirmative.[6] Aaron further acknowledges this in his initial brief.[7]

Both Aaron and his counsel knew precisely what Jamie was requesting, and no objection or even mention of the statutory requirements was raised during the hearing. Our state's highest court addressed this scenario in *Masters v. Masters*, 415 S.W.3d 621 (Ky. 2013). "Because we now recognize that such a deficiency did not divest the trial court of subject matter jurisdiction, we must further conclude that her failure to raise the question constitutes a waiver of her right to challenge the matter on appeal. It is well-settled that an appellate court is without authority to review issues not raised in or decided by the trial court." *Id.* at 625 (internal quotation marks and citations omitted). Aaron has waived this argument.

In any event, even if Aaron's argument had been preserved, it has no merit. The family court's order did not modify custody. The parties agreed to joint custody of the minor children, and this order did not change the substance of that agreement.

---

[6] August 22, 2023, hearing, VR at 11:02:51.

[7] "Mother moved the trial court to order a new counselor or give her unilateral authority over all aspects of the children's mental health." Appellant Brief, Page 11.

Joint custody as a legal concept has several defining characteristics. Both parents have responsibility for and authority over their children at all times. Equal time residing with each parent is not required, but a flexible division of physical custody of the children is necessary. A significant and unique aspect of full joint custody is that both parents possess the rights, privileges, and responsibilities associated with parenting and are expected to consult and participate equally in the child's upbringing.

*Pennington v. Marcum*, 266 S.W.3d 759, 764 (Ky. 2008).

Aaron argues the family court's order effectively deprives him of joint custody of the parties' children, because it granted Jamie sole decision-making authority over the children's mental health care needs. We disagree. "Though it is often stated that there are two categories of custody, sole custody and joint custody, there is in practice a subset of joint custody that combines the concept of joint custody with some of the patterns of sole custody – often called 'shared custody.'" *Id.*

In the parties' initial Agreement, they agreed to all issues involving the children, including joint custody, excepting the issue of counseling. When:

the parties to a joint custody agreement are unable to agree on a major issue concerning their child's upbringing, the trial court, with its continuing jurisdiction over custody matters, must conduct a hearing to evaluate the circumstances and resolve the issue according to the child's best interest. Once the parents have abdicated their role as custodians to the trial court, its decision is binding on the parties until it is shown that the decision is

-8-

> detrimental to the child physically or emotionally, or is
> no longer in his best interest.

*Burchell v. Burchell*, 684 S.W.2d 296, 300 (Ky. App. 1984).

Aaron insists that the family court's order modifies several portions of their Agreement, including specific provisions under the umbrellas of "Medical" and "Nurturing." This argument ignores that the parties specifically reserved the issue of counseling to be decided by the circuit court. They did not have any agreement on this issue.

The parties have been litigating this sole issue for several years at this point. It is clear the parties are and have been at an impasse regarding the issue of the children going to counseling. "[E]qual decision-making power is not required for joint custody, and parties or trial courts are free to vest greater authority in one parent even under a joint custody arrangement." *Fenwick v. Fenwick*, 114 S.W.3d 767, 776 (Ky. 2003), *as modified* (Oct. 8, 2003), *overruled on other grounds by Frances v. Frances*, 266 S.W.3d 754 (Ky. 2008), and *Pennington v. Marcum*, 266 S.W.3d 759 (Ky. 2008).

The *Pennington* Court recognized that some "limitations" may be placed upon the award of joint shared custody. *Pennington*, *supra*, at 764.

> Shared and split custody have developed as
> common-sense approaches to the realities of modern day
> life, even though they are not explicitly expressed in our
> statutes. Better technical ability to communicate,
> employment mobility, a given parent's ability to meet

certain obligations and other such factors lead to a need for an approach to parenting after divorce that is flexible and can be customized to the needs of each family involved with the children. These broad approaches recognize that every family is unique, and that it is generally in the best interests of the child and parents to maximize contact with both parents. The "designer" approach of these concepts asks the question, "What is best for this *family*?"

*Id.* at 765.

The family court in this instance had previously decided, in a very thorough and detailed order, that counseling was in the best interest of the children. The issue arose when the sole counselor named in the previous order withdrew from providing services to the family. Because of the wording of the order, it required agreement from the parties to continue the children's therapy.

Based on the hearing, the family court did not believe Aaron "will make any good faith effort to attempt to reach an agreement with Mother on mental health counselors or assessments moving forward." The circuit court heard testimony from the parties and reviewed email and text correspondence between the parties where Aaron unequivocally stated he did not consent for Jamie to take the children to any counselor. In response, the family court logically granted Jamie sole decision-making authority as to the children's mental health care.

Aaron next argues the circuit court erroneously relied on KRS 403.330(1). This statute states:

Except as otherwise agreed by the parties in writing at the time of the custody decree, the custodian may determine the child's upbringing, including his education, health care, and religious training, unless the court after hearing, finds, upon motion by the noncustodial parent, that in the absence of a specific limitation of the custodian's authority, the child's physical health would be endangered or his emotional development significantly impaired.

We agree with Aaron that this provision does not apply to joint custodians. *See Burchell*, *supra*, at 299. But because we determine the circuit court correctly applied *Pennington*, this error is harmless. A lower court's judgment can be affirmed for any reason supported by the record. *Phelps v. Bluegrass Hosp. Mgmt., LLC*, 630 S.W.3d 623, 630 (Ky. 2021).

## CONCLUSION

Aaron's assertion of statutory error was not preserved in the family court, and he therefore waived this basis for appeal. Regardless, his argument has no merit as the family court's order was not a modification of custody. The fact-finding and reasoning of the family court support its decision. We AFFIRM the Boone Family Court.

ALL CONCUR.

-11-

BRIEFS FOR APPELLANT:

Ryan J. Reed
Fort Mitchell, Kentucky

BRIEF FOR APPELLEE:

Jessica L. Beauchamp
Cincinnati, Ohio