RENDERED: JUNE 27, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0670-MR

MICHAEL DENNISON                                                    APPELLANT

v.          APPEAL FROM JEFFERSON CIRCUIT COURT
            HONORABLE JULIE KAELIN, JUDGE
            ACTION NO. 19-CR-000445-001

COMMONWEALTH OF KENTUCKY                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE: Michael Dennison appeals the denial of his motion for criminal post-conviction relief pursuant to Kentucky Rule of Civil Procedure (CR) 60.02 by the Jefferson Circuit Court. We affirm.

While Dennison was imprisoned on other charges, a detainer[1] was lodged against him after he was indicted in Jefferson Circuit Court for multiple offenses. In May 2019, Dennison filed a motion for speedy trial of the Jefferson Circuit Court charges pursuant to Kentucky Revised Statute (KRS) 500.110. That statute provides in relevant part:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in any jurisdiction of this state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

*Id.*

In July 2020, Dennison sought a writ of prohibition in this Court because the Jefferson Circuit Court charges had not been resolved. *Dennison v.*

---

[1] Though *detainer* is not defined within the statute, we have held that it "is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when the release of the prisoner is imminent." *Rushin v. Commonwealth*, 931 S.W.2d 456, 459 n.10 (Ky. App. 1996) (internal quotation marks and citations omitted).

*Cunningham*, No. 2020-CA-0869-OA. In April 2021, we denied Dennison's request for a writ because he had been released from custody on the other charges and so there was no longer a detainer lodged against him, which meant KRS 500.110 was no longer applicable. *See Dunaway v. Commonwealth*, 60 S.W.3d 563, 567-69 (Ky. 2001) (holding that KRS 500.110 no longer applied when a prisoner had completed his sentence for the prior offense). We thus did not address on the merits whether the 180-day statutory limit in KRS 500.110 had expired.

In December 2021, Dennison and the Commonwealth reached a plea agreement which called for Dennison to be sentenced to a total of ten years' imprisonment on the Jefferson Circuit Court charges. The plea agreement, which Dennison signed, explicitly states that he "waives the appeal of any and all other issues" besides the denial of his motion to suppress. Dennison's motion to enter a guilty plea contains a similar waiver.

After the trial court sentenced Dennison in accordance with the plea agreement, he filed an appeal which only challenged the denial of his motion to suppress. We affirmed. *Dennison v. Commonwealth*, No. 2022-CA-0030-MR, 2023 WL 3555512, at *1 (Ky. App. May 19, 2023) (unpublished), *discretionary review denied* (Oct. 18, 2023).

In December 2023, Dennison filed the CR 60.02 motion at hand. The gist of the motion is Dennison's claim that the judgment against him is void because the expiration of the180-day limit in KRS 500.110 had caused the trial court to lose jurisdiction over the charges before he pleaded guilty. *See* CR 60.02(e). Dennison filed this appeal after the trial court denied his motion.

"We have considered the parties' extensive arguments and citations to authority but will discuss only the arguments and cited authorities we deem most pertinent, the remainder being without merit, irrelevant, or redundant." *Schell v. Young*, 640 S.W.3d 24, 29 (Ky. App. 2021).

The determinative issue in this appeal is whether Dennison waived the right to contest an alleged violation of KRS 500.110 by pleading guilty. Though Dennison also occasionally uses language referring to a defendant's constitutional right to a speedy trial, the considerations for assessing whether that constitutional right was violated are different than those used to consider whether the statutory right to a speedy trial under KRS 500.110 was violated. *See generally Darcy v. Commonwealth*, 441 S.W.3d 77, 81 (Ky. 2014). Therefore, we shall address only Dennison's claims arising under KRS 500.110 since he substantively addresses only the failure to comply with that statute's requirement to bring him to trial within 180 days. Moreover, we do not need to address Dennison's argument that the extensions of time granted by the trial court in this case were improper as

-4-

Dennison has waived a right to contest noncompliance with KRS 500.110 even if we were to assume, solely for the sake of argument, that the 180-day limit in that statute had expired prior to his entering a guilty plea.

Kentucky precedent holds that "[a] plea of guilty waives all defenses except that the indictment does not charge a public offense." *Bush v. Commonwealth*, 702 S.W.2d 46, 48 (Ky. 1986). However, the scope of a waiver pursuant to a guilty plea is not as absolute as *Bush* and similar cases suggest. Relevant here, a guilty plea does not waive a lack of subject matter jurisdiction. *Hayes v. Commonwealth*, 627 S.W.3d 857, 861 n.4 (Ky. 2021). We construe Dennison's argument to substantively be that the trial court lost subject matter jurisdiction over the charges against him once the 180-day limit in KRS 500.110 purportedly expired.

Longstanding Kentucky precedent does hold that a trial court loses jurisdiction over criminal charges upon failing to comply with KRS 500.110. *See Spivey v. Jackson*, 602 S.W.2d 158, 159 (Ky. 1980).[2] Unfortunately, precedent does not specify which of the three types of jurisdiction – personal, subject matter,

---

[2] *Spivey* does not expressly state the trial court lost jurisdiction when it failed to comply with KRS 500.110. However, our Supreme Court has interpreted *Spivey*'s holding to be based on a lack of jurisdiction. *See Hoskins v. Maricle*, 150 S.W.3d 1, 11 (Ky. 2004) (holding that the Kentucky Supreme Court has "consistently issued writs to prohibit criminal proceedings when the lower court was acting outside of its jurisdiction. *See . . . Spivey v. Jackson*, Ky., 602 S.W.2d 158 (1980) (circuit court without jurisdiction to try incarcerated defendant more than 180 days after motion for final disposition was properly filed under KRS 500.110)"). But our Supreme Court did not specify in *Hoskins* the type of jurisdiction the trial court lacked in *Spivey*.

or particular case – a trial court loses in that scenario. *See Hisle v. Lexington-Fayette Urban Cnty. Government*, 258 S.W.3d 422, 429 (Ky. App. 2008) (describing the three types of jurisdiction). We must determine which of the three types of jurisdiction is lost when a trial court fails to comply with the time limits in KRS 500.110 because a party may waive a lack of particular case jurisdiction but not a lack of subject matter jurisdiction. *See, e.g.*, *Commonwealth v. Steadman*, 411 S.W.3d 717, 724 (Ky. 2013); *Collins v. Duff*, 283 S.W.2d 179, 182 (Ky. 1955).

Dennison does not argue the Jefferson Circuit Court lacked personal jurisdiction over him, and properly so as he was before that court pursuant to an indictment issued by a Jefferson County grand jury for alleged offenses which occurred in that county. We thus turn to determining whether noncompliance with KRS 500.110 impacts a trial court's subject matter or particular case jurisdiction.

In plain language, "[s]ubject matter jurisdiction refers to a court's authority to determine this *kind* of case (as opposed to this [specific] case) . . . ." *Commonwealth v. Griffin*, 942 S.W.2d 289, 290 (Ky. 1997) (internal quotation marks and citation omitted). For example, a court which only is authorized to adjudicate civil cases lacks subject matter jurisdiction to adjudicate criminal cases. *Duncan v. O'Nan*, 451 S.W.2d 626, 631 (Ky. 1970). Particular case jurisdiction "refers to a court's authority to determine a specific case (as opposed to the class of cases of which the court has subject matter jurisdiction)." *Griffin*, 942 S.W.2d at

-6-

290-91. Especially relevant here is the principle that a court's failure to comply with a statute "does not divest it of subject matter jurisdiction. Instead, the failure to comply with the statute simply gives the aggrieved party the opportunity for relief based upon the court's improper exercise of its judicial power." *Masters v. Masters*, 415 S.W.3d 621, 624 (Ky. 2013).

A circuit court unquestionably has subject matter jurisdiction over felony charges. *Martin v. Commonwealth*, 576 S.W.3d 120, 122 (Ky. 2019). Since the Jefferson Circuit Court had subject matter jurisdiction over the charges against Dennison from the very beginning, precedent makes plain that court could not lose lost subject matter jurisdiction by making an erroneous ruling or failing to comply with KRS 500.110:

> Whether a court has subject-matter jurisdiction is determined at the beginning of a case, based on the type of case presented. [A] court will retain jurisdiction over such a case so long as jurisdiction was proper in the first place. Indeed, once a court has acquired jurisdiction, no subsequent error or irregularity will remove that jurisdiction, so that a court may not lose jurisdiction because it makes a mistake in determining either the facts, the law, or both. Once filed, a court has subject matter jurisdiction of the case so long as the pleadings reveal that it is the kind of case assigned to that court by a statute or constitutional provision. A court, once vested with subject matter jurisdiction over a case, does not suddenly lose subject matter jurisdiction by misconstruing or erroneously overlooking a statute or rule governing the litigation.

*Kelly v. Commonwealth*, 554 S.W.3d 854, 860 (Ky. 2018) (internal quotation marks and citations omitted) (brackets in original).

Instead, by process of elimination, it is apparent that any failure to comply with KRS 500.110 could only have caused the trial court to lose particular case jurisdiction. That conclusion dooms Dennison's CR 60.02 motion because "lack of particular case jurisdiction merely renders a judgment *voidable,* rather than *void ab initio.*" *Hisle*, 258 S.W.3d at 431. Accordingly, if a court lacks particular case jurisdiction, a party has "the opportunity for relief based upon the court's improper exercise of its judicial power." *Masters*, 415 S.W.3d at 624. In plain language, a party may choose to waive a lack of particular case jurisdiction. *Hisle*, 258 S.W.3d at 431; *Steadman*, 411 S.W.3d at 724.

Dennison's guilty plea waived his "opportunity for relief" based on the alleged expiration of the 180-day limit in KRS 500.110. Dennison had already raised the alleged noncompliance with KRS 500.110 when he pleaded guilty, yet he did not reserve the right to raise that issue in his guilty plea. Consequently, his guilty plea terminated Dennison's ability to challenge whether the 180-day limit in KRS 500.110 had already expired by the time he pleaded guilty.

Although contained in an unpublished opinion, and therefore not binding, we find instructive the following language from our Supreme Court regarding a defendant's ability to waive noncompliance with KRS 500.110:

First, we find nothing in KRS § 500.110 which is inconsistent with recognizing the general rule that criminal defendants may knowingly and voluntarily waive statutory rights. Thus, we hold that a valid waiver by a criminal defendant is sufficient to constitute good cause under KRS § 500.110 for extending the period of time in which an incarcerated person shall be tried . . . .

If we accept Appellant's argument that his March 24, 2003, *pro se* motion was competent to affirmatively invoke his right to be tried within 180 days pursuant to KRS § 500.110, then we must also assume that Appellant was aware that the time period under this statute lapsed on September 20, 2003. However, despite this knowledge, Appellant nonetheless stood next to his attorney in open court on April 23, 2003, (one month later) and requested a trial date. When the trial court offered to start trial on September 23, 2003, Appellant said nothing. He also said nothing when his attorney accepted, on his behalf, the trial court's offer to begin trial on that day. Moreover, Appellant thought not to say anything for five additional months, until the time had conveniently lapsed under the statute. We find such circumstances to be an affirmative and valid waiver by Appellant of any right to be tried by September 20, 2003.

*Kremer v. Commonwealth*, No. 2005-SC-0520-MR, 2006 WL 436125, at *3 (Ky. Feb. 23, 2006) (unpublished) (citations omitted).

*Kremer* is instructive here for two main reasons. First, its holding supports our conclusion that a trial court does not lose subject matter jurisdiction for failing to comply with KRS 500.110 because a lack of subject matter jurisdiction cannot be waived, yet waiver is the basis for the holding of *Kremer*. Second, if Kremer's merely acquiescing to setting a trial date outside the 180-day

limit in KRS 500.110 was sufficient to waive noncompliance with that statute, Dennison's agreeing to plead guilty (without reserving a right to challenge noncompliance with that statute) despite having previously filed a motion to dismiss the charges due to alleged expiration of the 180-day limit in KRS 500.110 was also sufficient to waive his right to be tried within that time limit.

In sum, the trial court did not abuse its discretion when it denied Dennison's CR 60.02 motion.[3] *See Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) ("We review the denial of a CR 60.02 motion under an abuse of discretion standard.").

For the foregoing reasons, the Jefferson Circuit Court is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Michael Dennison, *pro se* Fredonia, Kentucky | Russell Coleman Attorney General of Kentucky |
|  | Todd D. Ferguson Assistant Attorney General Frankfort, Kentucky |

---

[3] Though our substantive analysis differs markedly from that employed by the trial court, "[i]f an appellate court is aware of a reason to affirm the lower court's decision, it must do so, even if on different grounds." *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 496 (Ky. 2014).